**Emilio RANGEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47745.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Charles L. Rittenberry, Amarillo, for appellant.

Tom Curtis, Dist. Atty., 'and Gene Storrs, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

In a trial before the court appellant was convicted of driving while intoxicated as a second offender; the punishment, two (2) years imprisonment.

Appellant's sole contention is that the trial court erred in admitting evidence of the results of a breathalyzer test, over objection, when no proper predicate had been laid for its admission.

Recently in French v. State, 484 S.W.2d 716, this Court had occasion to reiterate the three-prong predicate for the admissibility of an interpretation of the results of a breathalyzer test stated in Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93:

". . . the State must show (1) the use of properly compounded chemicals; (2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine; (3) proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay."

In the instant case, Chemist Weatherman was shown to be qualified to translate and interpret the results of a breathalyzer test. The third prong was satisfied.

The first prong and that portion of the second prong relating to the instrument were complied with when the chemist testified that he checked the solutions, simulators, and instrument every three weeks.

That portion of the second prong of the predicate relating to supervision of the operation was complied with when testimony was adduced that the operator used a control solution, or simulator, synthesized by the chemist, to check the accuracy of each test after every test. See Johnson v. State, 172 Tex.Cr.R. 201, 355 S.W.2d 191.

Nevertheless, the officer operating the machine was not allowed to testify to his certification to perform breath[1] tests, as provided by Art. 802f, Sec. 3(b), Vernon's Ann.P.C. Compare French, supra; and Woods v. State, Tex.Cr.App., 499 S.W.2d 328.

Assuming that this renders the predicate insufficient, and the results of the test inadmissible, we turn to a consideration of the other evidence to determine whether it is sufficient to support the conviction in the light of the rule that in trials before the court the trial judge is presumed to disregard inadmissible evidence. See Milligan v. State, 170 Tex.Cr.R. 584, 343 S.W.2d 455.

Officers Hoff and Luker, of the Department of Public Safety, were traveling in a patrol car when Officer Luker observed appellant consuming a beer in his car in an adjacent lane. Shortly thereafter the appellant's car swerved out of its lane forcing the patrol car into the curb.

Both officers testified that, after appellant was stopped, they observed that he was very unsteady on his feet, his speech was slurred, his eyes were glassy and bloodshot, and he had a strong odor of alcoholic beverages on his breath. Officer Luker testified that he had seen many people under the influence of alcohol, and in his opinion appellant was under the influence of alcohol.

[1] It appears that the testimony would have been admissible.

**154**

We conclude that the evidence is sufficient to sustain the conviction irrespective of the results of the breath test.

Finding no reversible error, the judgment is affirmed.