Ewing Sevier MOSELEY Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00421–CR.

Court of Appeals of Texas,
Dallas.

Aug. 30, 1985.

Frances J. Maloney, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Wm. Randell Johnson, Asst. Dist. Atty., Dallas, for appellee.

GUITTARD, Chief Justice.

Appellant appeals his conviction for driving while intoxicated, contending that the trial court erred in admitting into evidence the result of a chemical breath analysis (hereinafter referred to as a breath test), in failing to submit his requested jury instruction regarding this breath test, and in admitting evidence of the breath-test operator's certification. We disagree with all of appellant's contentions and affirm his conviction.

All of appellant's grounds of error are based on section 3(b) of former article 6701 *l*-5 (hereinafter referred to as section 3(b)), the statute authorizing breath tests for suspected intoxicated drivers, which provides as follows:

> Chemical analysis of the person's breath, to be considered valid under the provisions of this section, must be performed according to methods approved by the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety.

Acts 1969, ch. 434, § 3(b), 1969 Tex.Gen. Laws 1468, 1469, *amended by* Acts 1971, ch. 709, § 1, 1971 Tex.Gen.Laws 2340, 2341, *amended by* Acts 1983, ch. 303, § 4, 1983 Tex.Gen.Laws 1577, 1582 (formerly Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5, § 3(b)).

### Evidence of Test Result

Appellant was arrested by officer Velasquez for driving while intoxicated. At the

police station, appellant voluntarily submitted to a breath test administered by officer England. At trial England did not testify. Velasquez testified without objection tht the test showed an alcohol concentration in appellant's blood of 0.22 percent. The State also offered the testimony of officer Scott, the supervisor of the Dallas Police Department's breath-test program. Appellant objected to Scott's testimony on the ground that the State had not shown that the test was administered in accordance with the methods approved by the Department of Public Safety. The trial court overruled this objection on the stated ground that the test result was already in evidence. Scott then testified concerning the test result, and he described the methods approved by the Department of Public Safety, but there is no testimony as to whether appellant's test was administered in accordance with those methods. Besides the test result, there was other strong evidence of appellant's intoxication.

■ Appellant's first ground of error asserts that the, court erred in admitting Scott's testimony concerning the test result over appellant's objection that there was no proof that the test was administered according to the methods approved by the Department. We overrule this ground on the principle of curative admissibility. Even if the trial court improperly allowed Scott to testify as to the test result, this error would not be reversible because the result of the test was already established by Velasquez's unchallenged testimony. *McMahon v. State*, 582 S.W.2d 786, 791 (Tex.Crim.App.1978) (en banc), *cert. denied*, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979); *see also Lockhart v. State*, 171 Tex.Crim. 648, 352 S.W.2d 749, 751 (1961); *Moore v. State*, 675 S.W.2d 348, 350 (Tex.App.—Fort Worth 1984, pet. ref'd).

### *Refusal of Requested Instruction*

Appellant contends by his second ground of error that the trial court erred in failing to submit to the jury his requested instruction concerning the statutory requirements for admissibility of a breath test. We conclude that no error is presented in this respect because no fact issue was raised as to whether the statutory requirements were met.

As we have already pointed out, Velasquez testified without objection that the breath test administered to appellant showed an alcohol concentration in appellant's blood of 0.22 percent, well above the 0.10 percent required for application of the presumption of intoxication established by section 3(a) of former article 6701*l*–5. Acts 1971, ch. 709, § 1, 1971 Tex.Gen.Laws 2340, 2340–41, *amended by* Acts 1983, ch. 303, § 4, 1983 Tex.Gen.Laws 1577, 1582. The court instructed the jury concerning this presumption, as required by section 2.05 of the Texas Penal Code (Vernon Supp.1985), explaining that the facts giving rise to the presumption must be proved beyond a reasonable doubt. *See Wilson v. State*, 658 S.W.2d 615, 617–18 (Tex.Crim. App.1983). The court further instructed the jury that for the breath-test result to be valid, the jury must find from the evidence beyond a reasonable doubt that the test was performed by a person possessing a valid certificate issued by the Texas Department of Public Safety for that purpose. The appellant requested, and the court refused, an instruction to the effect that the jury must also find beyond a reasonable doubt that the test was performed according to methods approved by the Texas Department of Public Safety.

We have found no decisions bearing directly on the necessity for such an instruction. We recognize that section 3(b) requires the State to prove, as a predicate to the admission of the test result, both the certification of the operator and the administration of the test according to methods approved by the Department. A number of cases refer to proof of the proper method of administering the test as a necessary predicate to admissibility of the test result when lack of such a predicate is raised by a proper objection. *Slagle v. State*, 570 S.W.2d 916, 917–18 (Tex.Crim.App.1978); *Cody v. State*, 548 S.W.2d 401, 404 (Tex.

Crim.App.1977). If no objection is made to evidence of the test result for lack of the predicate, any error in admitting the evidence without proving the predicate is not preserved for review. *Romo v. State,* 577 S.W.2d 251, 252 (Tex.Crim.App.1979).

■ An accused may waive proof of these two requirements of section 3(b) by failing to object to the admission of the breathtest result on the ground that the State has failed not proved one or both of them. In the absence of objection to the testimony of Velasquez, we hold that proof of the predicate was waived and, accordingly, that appellant was not entitled to a jury instruction on the predicate.

■ We recognize that even though appellant waived proof of the predicate, if other evidence had raised a fact issue with respect to the proof of the predicate, the court would have been required to submit the issue to the jury by a proper instruction. Thus, in *Ozark v. State,* 51 Tex.Crim. 106, 100 S.W. 927, 930 (1907), the appellant was held entitled to an instruction submitting to the jury a fact issue concerning the unavailability of an absent witness as a predicate for introducing his former testimony.

■ The rule requiring special instructions in such situations has been statutorily enacted with respect to voluntariness of confessions in article 38.22, sections 6 and 7, of the Texas Code of Criminal Procedure (Vernon 1979). *See Rogers v. State,* 549 S.W.2d 726, 729–30 (Tex.Crim.App.1977) (fact issue of voluntariness raised by evidence of mental incapacity); *Burton v. State,* 505 S.W.2d 811, 812–13 (Tex.Crim. App.1974) (fact issue raised with respect to warning appellant that his confession may be used against him); *Jordan v. State,* 163 Tex.Crim. 287, 290 S.W.2d 666 (1956) (fact issue raised on defendant's knowledge of contents of confession). Nevertheless, in such a case the defendant is not entitled to such an instruction in the absence of evidence showing that the confession was not voluntary. *Hughes v. State,* 562 S.W.2d 857, 863 (Tex.Crim.App.) (en banc) *cert. de-*

*nied,* 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250 (1978); *Cogburn v. State,* 458 S.W.2d 932, 933 (Tex.Crim.App.1970); *Gregory v. State,* 389 S.W.2d 301, 303 (Tex.Crim.App. 1965). Nor does evidence presented by the State in anticipation of an attack on the voluntariness of a confession put voluntariness in issue and require such an instruction if no contrary testimony is offered. *Brooks v. State,* 567 S.W.2d 2, 3 (Tex.Crim. App.1978); *McDonald v. State,* 631 S.W.2d 237, 239 (Tex.App.—Fort Worth 1982, no pet.).

■ If no instruction on the voluntariness of a confession is necessary in the absence of a fact issue concerning the requirements of section 38.22, as the above authorities hold, then, by the same reasoning, no instruction on the methods of administering a breath test is necessary in the absence of a fact issue concerning the use of the methods prescribed by section 3(b). We recognize that section 3(b) provides that a breath test, "to be considered valid," must be administered according to the methods approved by the Department of Public Safety. Yet, the confession cases cannot be distinguished on this ground because article 38.22 likewise provides, in effect, that a confession, to be considered valid, must meet the requirements of that statute. Accordingly, we hold that no instruction is necessary on the validity of a breath test unless a fact question is raised concerning compliance with section 3(b).

■ In our application of this holding to the present case, we have reviewed the record and conclude that there is no evidence raising a fact issue on whether appellant's test was performed according to the methods approved by the Department of Public Safety. Since there was no fact issue raised by the evidence, appellant was not entitled to an instruction submitting this issue to the jury. Moreover, the giving of an instruction that included the proper certification of the test operator but did not include the method of administering the test was not error because appellant was not entitled to any instruction concerning a fact issue not properly before the jury.

*See Jernigan v. State,* 661 S.W.2d 936, 942 (Tex.Crim.App.) (in absence of evidence that a confession was not voluntary, no error in an instruction on voluntariness failing to explain that the accused may terminate the interview), *cert. denied,* 464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 368 (1983). Consequently, we hold that the court did not err in refusing the requested instruction.

### Certification of Test Operator

In his third, fourth, and fifth grounds of error, appellant contends that the trial court reversibly erred in admitting over his objections evidence that tended to prove that England, the officer who administered appellant's breath test, was a Department of Public Safety certified breath test operator. We overrule these three grounds of error without addressing their merits.

 Proof of England's certification as a breath test operator was necessary to establish the second requirement of section 3(b), that an accused's breath test be administered by à certified operator. However, as already stated, the two express requirements of section 3(b) constitute a predicate to the admissibility of the test result, and appellant has waived his right to require the State to prove these requirements because he failed to object to Velasquez's testimony concerning the result of the test on the specific ground that the State failed to prove one or both of them. Because appellant waived proof of the statutory requirements and offered no proof raising a fact issue concerning England's certification, he cannot plausibly complain on appeal that the trial court erred in admitting incompetent proof of a predicate that the State had no burden to prove. We conclude, therefore, that if the trial court erred in admitting any of the evidence concerning England's certification by the Department of Public Safety, the error was harmless. Accordingly, we overrule appellant's third, fourth, and fifth grounds of error.

Affirmed.

AKIN, CARVER, STEPHENS, SPARLING, VANCE, ALLEN and GUILLOT, JJ., join in the majority.

WHITHAM, J., dissenting, joined by DEVANY, HOWELL, and McCLUNG, JJ.

MALONEY, J., not participating.

WHITHAM, Justice, dissenting.

I respectfully dissent. My disagreement with the majority concerns validation of the intoxilyzer test result. I concur in the majority's holding that "[e]ven if the trial court improperly allowed Scott to testify as to the test result, this error would not be reversible because the result of the test was already established by Velasquez's unchallenged testimony." Therefore, both the majority and this dissent agree that a test result indicating a 0.22 blood alcohol content was in evidence through Velasquez's testimony. In my view, however, the test result cannot be evidence of intoxication unless validated under former TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(b). Under the statute the jury cannot consider the evidence of the test result unless it finds that two requirements are met. I emphasize that the present case does not involve predicates or prerequisites that must be shown in order to permit the introduction of an intoxilyzer test result. Instead, the present case involves *validation* of an intoxilyzer test result properly before the jury. Therefore, I would hold that the trial court erred in failing to give appellant's requested instruction to the jury. Moreover, applying the holding in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985), in order to determine if there has been some harm to the appellant, I conclude that the error was harmful to the appellant. Accordingly, I would sustain appellant's second ground of error and reverse and remand.

*Almanza* instructs that whether objection to the charge was made or fundamental error claimed "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of

probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza* at 171. To this end, I conclude that a discussion of all of appellant's grounds of error would be both necessary and helpful in order to accomplish this task.

In five grounds of error, appellant challenges his conviction for reasons based on former article 6701*l*–5, § 3(b). That statute at the time of appellant's arrest read:

Chemical analysis of the person's breath, to be considered valid under the provisions of this section, must be performed according to methods approved by the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety.

Appellant contends that the trial court reversibly erred: (1) When it admitted, over timely objection, testimony as to the analysis of the breath test administered to the appellant when it had not been proved that the analysis was performed according to methods approved by the Texas Department of Public Safety. (2) In failing to submit appellant's requested instruction to the jury concerning the requirements of article 6701*l*–5, § 3(b). (3) By allowing the State to prove by hearsay that David England possessed a valid certificate issued by the Texas Department of Public Safety over the timely objection that appellant was denied his right to confront the witnesses against him. (4) By permitting the State, over timely objection, to admit into evidence before the jury, a copy of the certificate of David England. (5) By permitting the State, over timely objection, to admit into evidence before the jury, a copy of the recertification of David England.

Appellant voluntarily submitted to the intoxilyzer examination. Appellant argues, however, that the results of the test indicating a 0.22 blood alcohol content should not have been before the jury and in no event without the requested instruction to the jury concerning the requirements of article 6701*l*–5, section 3(b). David England performed the test. The test results were before the jury by the testimony of two witnesses. The first witness was arresting officer Velasquez. The second witness who testified as to the test results was sergeant Ira Scott. Scott was England's supervisor. England did not testify. Appellant's first, third, fourth and fifth grounds of error are directed at Scott's testimony.

Scott testified that the steps taken in administering the breath test are:

(1) The initial step of the test would be the observation of the individual for a period of time of not less than 15 minutes, to be sure that there is no additional alcohol present in the mouth cavity when the breath sample is passed through for collection....

(2) The next major phase of the test is actually the purging of the instrument itself with room air, forcing room air through the sample chamber—... The sample chamber is purged with room air to flush it out and to place the room air in the sample chamber. ... The instrument sets at zero on room air, assuming that to be a zero alcohol concentration.

(3) The operator would then attach a mouthpiece to the inlet tube of the instrument, extending that tube and

(4) asking the person to exhale at a continuous breath sample into the instrument. ... Once the person meets the minimum time of pressure requirements of the exhalation, the instrument measures the infrared energy level being transmitted to two wave lengths through that sample chamber, compares that level to the level of the room air set at zero....

(5) The operator would then reattach the pump tube to the breath tube and re-purge the sample chamber with room air....

(6) Subsequent to that, the operator would then attach the pump tube and breath tube to the reference sample unit. The reference sample unit contains the ethyl alcohol distilled water solution maintained at the temperature of the breath. This solution is prepared with an exact alcohol concentration so that room air bubbled through that liquid imparts the exact alcohol concentration in the air sample.

(7) That sample is collected in the instrument, analyzed the same as that person's breath sample was. So you are testing a known alcohol concentration sample with the instrument....

(8) Simultaneous with the test is a final air blank of the instrument with the purging the sample chamber with room air, analyzing that room air to again check the return of the initial zero setting of that instrument of room air sample. (numerals added).

Thus, the jury learned from Scott a procedure to be followed in administering the test. The State, however, failed to prove that David England followed that procedure. Indeed, the State failed to prove that the procedure described by Scott was "methods approved by the Texas Department of Public Safety" as that requirement is contained in article 6701*l* –5, section 3(b). Furthermore, the State failed to prove what, if anything, that David England did in administering the test.

I agree, however, that we must overrule appellant's first ground of error in which he contends that the trial court reversibly erred when it admitted, over timely objection, Scott's testimony as to the analysis of the breath test administered to appellant when it had not been proved that the analysis was performed according to methods approved by the Texas Department of Public Safety. For the purposes of this opinion I assume, but do not decide, that the trial court erred in admitting Scott's testimony.

I conclude, however, that since the test results are in evidence through Velasquez's testimony, the error does not constitute reversible error. The improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is unchallenged. *McMahon v. State*, 582 S.W.2d 786, 791 (Tex.Crim. App.1978) (en banc). Accordingly, I would overrule appellant's first ground of error. Moreover, for the purposes of this opinion I assume, but do not decide, that the trial court erred: (1) by allowing the State to prove by hearsay that David England possessed a valid certificate issued by the Texas Department of Public Safety over the timely objection that appellant was denied his right to confront the witnesses against him, (2) by permitting the State, over timely objection, to admit into evidence before the jury, a copy of the certificate of David England, and (3) by permitting the State, over timely objection, to admit into evidence before the jury, a copy of the recertification of David England. I conclude that since the test results are in evidence through Velasquez's testimony, these errors do not constitute reversible errors. Consequently, I agree we must overrule appellant's third, fourth and fifth grounds of error.

This brings us to the issue raised in appellant's second ground of error. There can be no doubt that in the present case article 6701*l* –5, section 3(b), is applicable to the breath test used. In this regard, the State tells us in its brief that:

Appellant correctly interprets TEX.REV. CIV.STAT.ANN. art. 6701*l* –5, § 3(b) (Vernon Supp.1984), as seting [sic] forth two basic requirements for establishing the validity of breath tests. The requirements are that "the test [sic] must be performed (1) according to methods approved by the Texas Department of Public Safety; and, (2) by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose."

Thus, article 6701*l* –5, section 3(b) provides two requirements that must be shown in

order to validate intoxilyzer breath tests. Moreover, the burden is upon the state to establish that the two requirements are met. Article 6701*l*–5, section 3(b) tells us as much when it specifies that *"to be considered valid ... [the test] must be performed according to methods approved by the Texas Department of Public Safety and by an individual possessed of a valid certificate issued by the Texas Department of Public Safety for this purpose."* (emphasis added). Therefore, the first requirement to validate the test is that it be performed according to methods approved by the Texas Department of Public Safety. The second requirement to validate the test is that it be performed by an individual possessing a valid certificate issued by the Texas Department of Public Safety.

The trial court instructed the jury as follows:

Chemical analysis of the person's breath, to be considered valid under the law in this case must be performed by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination to revocation, for cause, at the discretion of the Texas Department of Public Safety.

You are further instructed if you find and believe from the evidence beyond a reasonable doubt that a chemical analysis of the breath of Ewing Sevier Moseley, Jr., was performed, if it was, then before you may consider the result of that analysis, if any, to be valid, you must further find and believe from the evidence, beyond a reasonable doubt, that the chemical analysis, if any, was performed by an individual possessing a valid certificate issued by the Texas Department of Public Safety for that purpose. Unless you shall so find, beyond a reasonable doubt, you will not consider

the results of the chemical analysis, if any, for any purpose.

In his second ground of error, appellant complains of the trial court's failure to submit the following requested instruction:

The statutes of the State of Texas provide that the chemical analysis of a person's breath, to be valid, must be performed according to methods approved by the Texas Department of Public Safety, and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose.

You are instructed that if you find and believe from the evidence that a chemical analysis of the breath of Ewing S. Moseley was performed, if it was, then before you may consider that analysis, if any, to be valid, you must further find and believe from the evidence, beyond a reasonable doubt, that the chemical analysis, if any, was performed according to methods approved by the [Texas Department of Public Safety], and by an individual possessing a valid certificate issued by the [Texas Department of Public Safety] for this purpose. Unless you shall so find, beyond a reasonable doubt, you will not consider the chemical analysis, if any, for any purpose.

To my mind, article 6701*l*–5, section 3(b) requires validation of test result evidence. For emphasis, I again quote the words of the statute: *"to be considered valid ... [the test] must be performed according to methods approved by the Texas Department of Safety and by an individual possessed of a valid certificate issued by the Texas Department of Public Safety for this purpose."* (emphasis added). Thus, under the statute the jury cannot consider the evidence of a test result indicating a 0.22 blood alcohol content unless it first finds that the test was performed (1) according to methods approved by the Texas Department of Public Safety and (2) by an individual possessing a valid certificate issued by the Texas Department of Public Safety. Since the jury must make these two find-

ings the jury should be charged as to each of the two required findings.

I read the instruction given by the trial court as charging only on the *second* requirement under the statute, *i.e.*, that it be shown that the test was performed by an individual possessing a valid certificate issued by the Texas Department of Public Safety. I read appellant's requested instruction as correctly charging on the second requirement *as well as* the first requirement under the statute, *i.e.*, that it be shown that the test was performed according to methods approved by the Texas Department of Public Safety. Consequently, I would hold that the trial court was required to charge on both validation requirements and that its failure to submit appellant's requested instruction to the jury constitutes error.

Thus, I reach the question whether the trial court's error was harmless. TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981) reads:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles [pertaining to the trial court's charge] has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

Again, I return to Almanza's teaching that whether objection to the charge was made or fundamental error claimed "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza* at 171.

In the present case, the prosecutor placed great emphasis upon the test results in his final argument to the jury:

> [PROSECUTOR] He takes the test, what does he do? *This is his time and this is his chance to walk away innocent.* What does he do? He blows a .22. [emphasis added].

In this connection, I am mindful of the State's reliance upon *Rangel v. State,* 502 S.W.2d 152 (Tex.Crim.App.1973). In *Rangel,* the court concluded that the evidence was sufficient to sustain the conviction irrespective of the results of the breath test which the court assumed to be inadmissible. The State argues that therefore, the trial court's error, if any, would be harmless. I disagree. In *Rangel,* the court was able to reach that conclusion "in light of the rule that in trials before the court the trial judge is presumed to disregard inadmissible evidence." *Rangel,* 502 S.W.2d at 153. No such presumption exists in the present case which was tried before a jury. The law, however, provides that when an accused is shown to have "[blown] a .22" the "showing" must be established according to methods approved by the Texas Department of Public Safety. The trial court failed and refused to so instruct the jury in the present case.

Moreover, I conclude that the present case focused entirely upon the two requirements that must be shown in order to validate intoxilyzer tests under article 6701*l*-5, section 3(b). All of appellant's five grounds of error tell us as much. Grounds one and two pertain to "methods." Grounds three, four and five pertain to "certificate." The trial court's charge eliminated from the controversy one of the two focal points of the case. Assaying the actual degree of harm to appellant as I must under *Almanza,* I conclude that the trial court's failure to charge on one of the two requirements of article 6701*l*-5, section 3(b), necessary to validate the test goes to the very basis of the present case so that the charge fails to state and apply the law under which the accused is prosecuted. Therefore, I would hold that the trial court's charge failed to adequately protect the appellant's rights and that he was injured thereby. TEX.CODE CRIM.PROC. ANN. art. 36.19. Accordingly, I conclude

that the trial court's error was not harmless error but is reversible error. Consequently, I conclude that the trial court reversibly erred in failing to submit appellant's requested instruction to the jury concerning the requirements of article 6701*l*–5, section 3(b). I would sustain appellant's second ground of error and reverse and remand.

DEVANY, HOWELL and McCLUNG, JJ., join in the dissent.