COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-142-CR

 

 

MORIS L. RICHMON                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.      Introduction








Appellant Moris L. Richmon was convicted by a
jury of two counts of possession of controlled substances in the amount of one
gram or more but less than four grams, namely cocaine and heroin.[2]  In his first and second points, he argues
that the evidence was legally and factually insufficient to show possession of
heroin in the amount of one or more but less than four grams.[3]  In his third and fourth points, he argues
that the evidence was legally and factually insufficient to show he possessed
cocaine in the amount of one or more but less than four grams.  We affirm. 

II.     Factual and procedural
background








Appellant was riding his bicycle on a dark street
at 4:00 a.m. on April 24, 2007, when Kennedale Police Officer Joshua Worthy
pulled him over because of an obscured rear reflector and lack of a front
light.  Officer Worthy asked Appellant
for identification and ran his name to check for warrants.  He took Appellant into custody for
outstanding warrants and searched him incident to arrest.  Officer Worthy found two cardboard matchboxes
in Appellant=s left front pants pocket; one
box contained matches but the other contained two white rock substances that
Officer Worthy described as appearing Aconsistent
with rock cocaine.@ 
From Appellant=s right front pants pocket,
Officer Worthy recovered another matchbox containing thirty-two clear capsules
full of a brown granulated material. 
Officer Worthy used a field test kit to perform a preliminary test for cocaine
on the rock-like substances and then packaged and processed the items for
further testing.  Appellant was indicted
on two counts, possession of cocaine and possession of heroin.

Christina Coucke, a senior drug chemist at the
Tarrant County Medical Examiner=s
office, testified about the results of her tests on the rock substance and
brown capsules.  Coucke=s
educational background included a bachelor of science degree in biology and a master=s degree
in forensic science.  She testified that
she had previously worked as a drug chemist at the Dallas County Medical
Examiner=s office
before her current employment.

Coucke analyzed the substances found in the
matchboxes received from the Kennedale police department.  She stated she weighed the Ahard
off-white@ rock substance and found it
weighed 1.20 grams.  She performed a
color test on Aa little bit@ of the
rock substance by adding it to a liquid solvent to allow for a color change;
the result was presumptively positive for cocaine.  She then used a gas chromatograph mass
spectrometer to further examine the substance; the process Abreaks
apart the molecules@ of a small amount of the
substance and then Areads the fragments.@  The spectrometer analysis revealed that the
substance contained cocaine.








Coucke testified she took the thirty-two capsules
from the matchbox, emptied the capsules (one of which contained only residue),
and weighed the substance in each one, individually; the aggregate weight was
4.06 grams.  Coucke stated she performed Aa couple
of different@ color tests on the brown
substance, and it tested Apresumptively positive for
heroin.@  She then weighed a 1.08 gram sample of the
4.06 grams and used the spectrometer to determine that the sample contained
heroin.

Additionally, Coucke said her analyses of both
substances included adulterants and dilutants. 
Under cross-examination, Coucke confirmed that her lab performs
qualitative analyses, rather than quantitative analyses, meaning she just
identifies what the substance is.  Coucke
explained that quantitative analysis is when an examiner deciphers the amount
of the substance in the total matrix. 
She testified that she had examined crack cocaine around 500 to 1,000
times in her duties and that she had previously testified as an expert witness
in Tarrant County courts.

The jury returned a verdict of guilty for both
possession counts and assessed a punishment of three years=
confinement for the cocaine possession offense and five and one half years=
confinement for the heroin possession offense.

III.     Appellant=s first
and second points








We will discuss Appellant=s first
two points together as they regard the sufficiency of the evidence supporting
the possession of heroin conviction and his third and fourth points together as
they regard the evidence for the possession of cocaine conviction.  Appellant=s main
argument in his first two points is that the scales used to weigh the
substances and the spectrometer used to confirm the presence of heroin in the
substances were not Acertified@ or
tested and that the chemist did not test all of the material; thus the evidence
is insufficient to establish Appellant=s
possession of the alleged heroin was in an amount of one gram or more but less
than four grams.

A.     Legal
sufficiency of evidence for heroin possession 

1.     Standard
of review








In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007). 
This standard gives full play to the responsibility of the trier of fact
to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton, 235 S.W.3d at 778. 
The trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008).  Thus, when
performing a legal sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@ 
Hooper v. State, 214 S.W.3d 9, 16B17 (Tex.
Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

2.     Applicable
law and analysis








The State is required to prove every element of
an offense beyond a reasonable doubt.  See
Juarez v. State, 198 S.W.3d 790, 793 (Tex. Crim. App. 2006) (stating that
elements of the offense must be charged in the indictment, submitted to jury,
and proved by the State beyond reasonable doubt.)  The substantive elements of Appellant=s
offense are that he (1) knowingly or intentionally (2) possessed (3) heroin and
(4) the amount possessed was, by aggregate weight, including adulterants or
dilutants, one gram or more but less than four grams.  See Tex. Health & Safety Code Ann.
'
481.102(2), ' 481.115(a), (c).

Appellant does not contest the sufficiency of
evidence that he knowingly or intentionally possessed the substance.  Rather, Appellant argues that because Athere
was no evidence that the scales were certified nor tested to be sure they were
accurate,@ the evidence is insufficient to
establish beyond a reasonable doubt that the substance weighed one gram or more
but less than four.  He also contends
that there was no evidence that the spectrometer was certified or tested to be
sure the results were accurate, so the evidence was insufficient to prove
beyond a reasonable doubt that the substance was heroin.








The jury heard evidence from Coucke, whose
qualifications and experience were not questioned.  She weighed the substances and performed the
tests at the Tarrant County Medical Examiners= office
laboratory that is accredited by the Texas Department of Safety.  Coucke explained her process for attaining
the heroin test results from both the color tests and spectrometer and stated
how the results from the presumptive tests and from the spectrometer were
consistent.  The jury also heard Coucke
describe the process of weighing the brown substance from each capsule,
determining the aggregate weight and then later weighing a sample of 1.08 grams
of the substance, which was a sufficient weight to meet the requisite amount of
one gram or more but less than four grams as charged, before testing that
sample with the spectrometer.

Appellant=s
complaints that there was no evidence of the scales and spectrometer having
been certified or tested to determine their accuracy are complaints regarding
what the State must prove for admissibility of the testimony for the weight and
results of the tests and arguably should have been raised by objection to the
admissibility of the results at trial.  See,
e.g., Hewitt v. State, 734 S.W.2d 745, 749 (Tex. App.CFort
Worth 1987, pet. ref=d) (holding complaint as to lack
of predicate showing that equipment was certified waived where counsel for
defendant failed to inquire about specific equipment used or to offer evidence
from any other source that equipment was faulty or uncertified); Moseley v.
State, 696 S.W.2d 934, 936 (Tex. App.CDallas
1985, pet. ref=d) (holding waiver of right to
object to improper predicate occurred by allowing earlier witness to testify
without objection to the alcohol concentration); cf., Hernandez v. State,
819 S.W.2d 806, 817 (Tex. Crim. App. 1991) (holding the state was not required
to prove use of properly compounded chemicals in atomic absorption kit test as
predicate for admissibility), cert denied, 504 U.S. 974, 112 S. Ct. 2944
(1992).








Assuming that these matters were required to be
affirmatively shown by the State as a predicate for admissibility of the
weights found and the results of the spectrometer testing, we conclude that
Appellant=s complaintsCin the
absence of an objectionCgo only to the weight of the
evidence and its credibility rather than the competency or admissibility of the
evidence.  See, e.g., LaGrone v. State,
942 S.W.2d 602, 617 (Tex. Crim. App.) (holding most questions concerning care
and custody of a substance go to the weight rather than the admissibility of
the evidence), cert. denied, 522 U.S. 917, 118 S. Ct. 305 (1997); Harrell
v. State, 725 S.W.2d 208, 213 (Tex. Crim. App. 1986); Bird v. State, 692
S.W.2d 65, 70 (Tex. Crim. App. 1985) (holding lack of predicate to show proper
chain of custody for key, absent objection, went to weight of evidence rather
than admissibility), cert. denied, 475 U.S. 1031, 106 S. Ct. 1238
(1986); see also Hamilton v. State, No. 06-07-00084-CR, 2008 WL 2744635,
at *3 (Tex. App.CTexarkana July 16, 2008, pet.
filed) (holding complaint as to insufficiency of evidence that amount of
cocaine exceeded one gram actually challenged credibility of chemist=s
testimony, acceptance of which was within jury=s prerogative).








The jury was entitled to draw inferences from the
facts regarding the accuracy of the laboratory testing devices in determining
the requisite amount of heroin possession. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235
S.W.3d at 778.  The jury could reasonably
have inferred that the scales and spectrometer were accurate and certified from
the evidence that the lab was accredited by the DPS and from Coucke=s own
experience and educational background, as well as from the differing weights
found for each substance and the consistency with the presumptive tests.  Viewing the evidence in the light most
favorable to the verdict, we hold a rational jury could have concluded beyond a
reasonable doubt that Appellant possessed the requisite amount of the
controlled substance heroin.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  Therefore, we overrule Appellant=s first
point regarding the legal sufficiency of the evidence for possession of heroin.


B.     Factual
sufficiency of evidence for heroin possession

Appellant argues that the evidence is factually
insufficient and states Athe record is absolutely void of
any evidence that the scales and machine were certified nor tested to show that
the results of the weights and substance were accurate.@  He also argues that Coucke=s
testimony regarding the quantity of the heroin measuring over four grams was
insufficient to show he possessed over four grams.

1.     Standard
of review








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v.
State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.

2.     Analysis

The jury heard ample and uncontradicted testimony
from Coucke about her testing process and the accredited facility in which she
performs the tests.  The fact that she
repeatedly weighed the brown capsules, first to determine aggregate weight and,
second, to weigh a small portion for the spectrometer test, provided evidence
supporting the conclusion that the stated amount of heroin was sufficient under
the statute=s requirements.  See Hamilton, 2008 WL 2744635,
at *3 (stating jurors Abelieved the chemist=s
testimony and accepted her calculations, which was their prerogative.@)

Appellant also argues that the evidence
supporting the substance quantity requirement is factually insufficient because
there was an Aimplication that he possessed
four grams instead of barely over one gram . . . and the evidence was factually
insufficient to show he possessed over four grams.@








The offense at issue requires that the Appellant
possess between one and four grams of the controlled substance (heroin).  See Texas Health & Safety Code '
481.102(2).  Coucke stated that she
tested 1.08 grams of the substance, an amount that comports with the statute=s
requirement for possession.  See id.
'
481.102(2).  Conviction did not require
legally or factually sufficient evidence of more than four grams because
Appellant was not charged with possessing over four grams and because the jury
was not instructed to determine if Appellant possessed over four grams; rather
the charge described the offense as possession of Aheroin
of one gram or more but less than four grams as charged in Count Two of the
indictment.@[4]








Considering all of the evidence in a neutral
light, we cannot say that the evidence is so weak that the jury=s
verdict seems clearly wrong or manifestly unjust.  Watson, 204 S.W.3d at 414.  And because there is no contrary evidence, we
cannot say the verdict is against the great weight and preponderance of the
evidence.  Id. at 414B15.  We overrule Appellant=s second
point challenging the factual sufficiency of the evidence supporting the heroin
conviction.

IV.    Appellant=s third
and fourth points

A.     Legal
sufficiency of evidence of possession of cocaine

Appellant argues that the evidence is legally
insufficient to support the possession of cocaine count for the same reason,
because the scales and spectrometer used to measure the cocaine were not certified
or proved to be functioning properly.  He
also argues that it is unclear whether both rocks of the white substance were
weighed.[5]


1.     Applicable
law

Under the relevant statutes, the State must prove
beyond a reasonable doubt that Appellant (1) knowingly or intentionally (2)
possessed (3) cocaine and (4) the amount possessed was, by aggregate weight,
including adulterants or dilutants, one gram or more but less than four
grams.  See Tex. Health &
Safety Code Ann.  ''
481.102(3)(D), 481.115(a), (c).








2.     Analysis

As we have held above with respect to the
possession of heroin count, the jury was entitled to draw inferences from the
facts regarding the accuracy of the laboratory scales and spectrometer in
determining the amount of cocaine possession. 
Coucke testified that she weighed the Ahard
off-white material,@ and it weighed 1.20 grams.  She performed a color test on a small portion
of the material, which tested presumptively positive for cocaine, and confirmed
that the substance contained cocaine by the gas spectrometer.  Additionally, the random, representative
portion tested by the gas spectrometer was taken by Coucke from material
weighing within the required range of one gram or more under the possession
statute cited in Appellant=s
indictment, and both rocks were taken from the same receptacle, i.e, a single
matchbox, so it is irrelevant whether Coucke tested both rocks.  See '
481.115(a), (c); Melton, 120 S.W.3d at 345 (holding that State could
randomly sample some rocks to determine whether they contained cocaine where
all rocks were found in same receptacle and all had same color and texture); Guia
v. State, 220 S.W.3d 197, 201B03 (Tex.
App.CDallas
2007, pet. ref=d).








Based on the previously-explained legal
sufficiency standard of review, viewing the evidence in a light most favorable
to the prosecution, a rational jury could have found beyond a reasonable doubt
that Appellant possessed the requisite amount of cocaine under the
statute.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789.  We therefore
overrule Appellant=s third point.

B.     Factual
sufficiency of evidence of possession of cocaine

Appellant argues in his fourth point that the
record is unclear as to whether both rock-like substances of the alleged
cocaine were tested and weighed.  He
argues that the evidence is too weak and thus factually insufficient to support
the conviction for possession of cocaine of one gram or more but less than four
grams.

1.     Analysis

The testimony from Officer Worthy was
uncontradicted that he found both pieces of the rock-like substance in the same
receptacleCi.e.Ca
cardboard matchbox in Appellant=s left
front pants pocket.  His testimony was
further uncontradicted that the appearance of the substances was consistent
with rock cocaine.  He packaged and
processed the substances for further testing after conducting a preliminary
field test of them for cocaine.  The jury
could have inferred that the preliminary test was presumptively positive for
cocaine.








Coucke testified that she weighed the Ahard
off-white material,@ and it weighed 1.20 grams.  She said a sample color tested presumptively
positive for cocaine.  The sample was
also confirmed to contain cocaine by her testing with the spectrometer.  While it is unclear whether she either
weighed both rocks together or whether she tested a sample of both rocks, her
conclusion is clear and unquestioned that the sample was taken from an amount
that weighed 1.20 grams, which is within the required range under the
possession statute cited in Appellant=s
indictment.  All of the material was
admitted into evidence, and the jury could make its own determination as to
whether the rocks appeared to be the same in substance.  Thus, it is immaterial whether Coucke weighed
or tested only one or both rocks.  See
Tex. Health & Safety Code Ann. '
481.115(a), (c); Melton,120 S.W.3d at 343B44; Zone
v. State, 118 S.W.3d 776, 776 (Tex. Crim. App. 2003); see also Guia,
220 S.W.3d at 201B03.

It is unclear why the testimony elicited from the
chemist by the State in this case was not more detailed.  Nevertheless, we will not substitute our
judgment for that of the jury.  See
Laster v. State, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131, 120 S. Ct. 2008 (2000). 
Reviewing all the evidence in a neutral light, we hold the evidence
introduced to support the verdict is not so weak that the jury=s
verdict seems clearly wrong or manifestly unjust.  See Watson, 204 S.W.3d at 414.  We overrule Appellant=s fourth
point.








V.     Conclusion

Having overruled all four of Appellant=s
points, we affirm the trial court=s
judgment.  

 

PER
CURIAM

 

PANEL :  GARDNER, LIVINGSTON, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 7, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. '' 481.102(3)(D) (Vernon
Supp. 2008), 481.115 (a), (c) (Vernon 2003).





[3]Rather than addressing
the heroin evidence first, Appellant initially discusses the cocaine evidence
in the body of his argument.  We will
address the arguments in the order of his listed points of appeal.





[4]Appellant also contends
that the implication from the testimony that he possessed more than four grams Aaffected the jury in
assessing punishment.@  Appellant did not object on this basis at
trial, and he has not briefed this complaint nor explained why the jury was not
properly entitled to consider that evidence in assessing his sentence.  See Tex. Code Crim. Proc. Ann. art. ' 37.07(3)(a)(1)
(Vernon Supp. 2008) (stating evidence may be offered as to any matter the court
deems relevant to sentencing, including circumstances of offense for which he
is being tried as well as any other evidence of an extraneous offense or bad
act shown beyond a reasonable doubt by evidence to have been committed by the
defendant).





[5]This latter argument
again is resolved by the previously cited Melton decision, stating that
each part of a homogenous substance does not have to be tested to provide proof
of the controlled substance under the statute. 
See Melton, 120 S.W.3d at 342B44.