Randy Wayne **PALAFOX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48558.

Court of Criminal Appeals of Texas.

June 5, 1974.

Rehearing Denied June 19, 1974.

Paul Tatum, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On February 7, 1973, the appellant pled guilty before the court to the offense of burglary. His punishment was assessed at a term of four (4) years, but the imposition of the sentence was suspended and he was placed on probation. Among the conditions of probation imposed was the requirement that he "Commit no offense against the laws of this or any State or of the United States" and "Avoid injurious or vicious habits, including the use of narcotic or habit forming drugs and alcoholic beverages."

On December 3, 1973, the State filed its motion to revoke probation alleging that on December 1, 1973, appellant failed to obey the second probationary condition described above, and on the same date committed the offense of driving a motor vehicle on a public highway while intoxicated and had committed the offense of murder without malice as proscribed by Article 802c, Vernon's Ann.P.C., then in effect.

On December 21, 1973, a hearing was held on said motion at the conclusion of which the court revoked probation, finding that the appellant had violated his probationary conditions as alleged.

It was stipulated that one Jesse Ikner, Jr., was dead on arrival at the City Memorial Hospital on December 1, 1973.

George Nix, police officer for the City of Nacogdoches, testified that about 11:05 p. m. on December 1, 1973, he responded to a call and went to a location on the Old Tyler Road near Pilot Street, where he discovered Jesse Ikner, Jr., lying in the middle of the road and that he was taken to the hospital. He determined that this was a vehicle-pedestrian accident and he saw the appellant at the scene of the accident and the appellant told him he (appellant) had been the driver of the car involved which had laid down 80 feet of skid marks. Officer Nix testified the appellant had a strong smell of alcohol about his breath, his speech was slurred, and, based on his experience of over eighteen years as a policeman, it was his opinion that the appellant was intoxicated.

Appellant testified he was not intoxicated, that he had been to a birthday party earlier in the evening and had two cups of beer, equivalent to a can and a half. He related the deceased was in the middle of the road and, as he came over a rise, his car lights did not pick up the deceased at first.

His wife, who was with him at the time, testified he was not intoxicated. A number of other defense witnesses who were at the party testified that appellant had only two cups of beer and was not intoxicated.

■ Appellant contends that the court abused its discretion in finding that he was driving while intoxicated in light of the cross-examination of Officer Nix, which reflected that he had given the appellant a breathalyzer test fifty to fifty-five minutes after the time he received the call, and that the results of the test showed "0.08," which was not enough "under the state law" to show he was intoxicated. He contends this evidence constitutes "prima facie evidence of sobriety." We do not agree.

Appellant relies upon the presumption of intoxication as established by the provisions of Article 802f, Vernon's Ann.P.C., as amended (Acts 1971, 62nd Leg., ch. 709, p. 2340), which provides in part as follows:

"Sec. 3. (a) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle and while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

"(b) Chemical analysis of the person's breath, to be considered valid under the provisions of this section, must be performed according to methods approved by the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety."

■ First, it is observed that the proper predicate for the introduction of such test was not laid. There was no showing that Officer Nix was certified to operate the machine by possessing a valid certificate issued by the Department of Public Safety for this purpose or that the chemical analysis of the appellant's breath was per-

formed according to methods approved by the Department of Public Safety. Further, there was no showing of the use of properly compounded chemicals, the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine and proof of the results of the test by a witness or witnesses qualified to translate and interpret such results so as to eliminate hearsay. See Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (Tex.Cr.App.1953).

Next, we note the test was not administered until almost an hour or so after the alleged offense, and the court had before it the opinion testimony of the experienced officer that appellant was intoxicated when he observed him at the scene of the offense.

It is well established that at revocation of probation hearings the trial judge is the trier of the facts and the judge of the credibility of the witnesses and the weight to be given to their testimony, Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971), and cases there cited. And it is further presumed that the trial judge disregarded inadmissible evidence.

Further, even if the results of the breathalyzer test were properly admitted, in absence of an objection by the State, the fact that the results showed "0.08" would not establish that appellant was not intoxicated, but only that they fell short of establishing the *presumption* of intoxication prescribed by law when the breathalyzer results reflect "0.10 percent or more by weight of alcohol" in a person's blood.

The court had sufficient evidence before it to justify its finding that appellant was driving while intoxicated in violation of his probationary conditions.

Such finding alone would justify the revocation of probation. We need not therefore consider appellant's contentions that the probationary condition relating to the use of alcohol was vague and uncertain and that the State failed to prove a causal connection between appellant's intoxication and the ultimate death of the deceased so as to show the offense of murder without malice under Article 802c, Vernon's Ann. P.C., or consider whether the doctrine of carving has application under the circumstances of the case.

Finding that the trial court did not abuse its discretion, the judgment is affirmed.