**Michael Allen LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0765–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1986.

Clayton R. Rawlings and Don J. Clemmer, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., James C. Brough and Larry W. Standley, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant waived a jury and was convicted by the court of driving while intoxicated. The court assessed punishment at 90 days confinement, probated for two years, and a $250 fine.

In one ground of error, appellant contends that the evidence was insufficient to prove that he was intoxicated "by reason of the introduction of a combination of marijuana and alcohol into his body" as alleged in the information. Appellant relies on a stipulation that the intoxilyzer test record showed a .00 reading and was able to take an accurate reading of appellant's breath at the time the test was conducted. The State responds that the stipulation was not properly admitted.

The relevant question in reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The information alleged in pertinent part that appellant did

> while intoxicated, namely, not having the normal use of his mental and physical faculties by reason of the introduction of a combination of marijuana and alcohol into his body, drive and operate a motor vehicle in a public place.

After the arresting officer observed appellant's truck swerve on a public road and hit the right curb twice in a distance of 10 blocks, he stopped appellant. The officer testified that appellant was unsteady on his feet, that he was weaving and swaying, that he could not touch his nose when asked, and that he smelled faintly of alcohol. The officer concluded that appellant was intoxicated. Appellant testified that he had one puff of a marijuana cigarette at 6:00 p.m. that day and that he drank two beers between 6:00 p.m. and 10:00 p.m. before his arrest at "around 10:30 p.m." A videotape taken of appellant shortly after his arrest was also in evidence.

Assuming that the intoxilyzer reading of .00, taken after appellant's arrest, was in evidence and that the intoxilyzer machine was able to take an accurate reading of appellant's blood, the trier of fact could accept or reject that evidence as probative on the issue of whether appellant was intoxicated by reason of a combination of marijuana and alcohol at the time appellant was driving. The test result did not conclusively establish that appellant ingested no alcohol, and was itself contradicted by the appellant. Further, the trier of fact was free to believe the arresting officer's testimony that appellant was intoxicated and appellant's statements that he had consumed both marijuana and alcohol, but reject appellant's statements regarding when and how much he had consumed. *Palafox v. State*, 509 S.W.2d 846 (Tex.Crim.App. 1974).

When viewed in the light most favorable to the judgment, we find that the evidence was sufficient for the court to find appellant guilty. Appellant's ground of error is overruled.

The judgment is affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

Appellant challenges the sufficiency of the evidence. The conviction should be reversed if the reviewing court finds that no rational trier of fact could have found the appellant guilty beyond a reasonable doubt based on the evidence admitted. The State charged that appellant was intoxicated by reason of a "combination of marijuana and alcohol" and was therefore bound to prove intoxication by such combination. *Wray v. State*, No. 982–82 (Tex.Crim.App., Mar. 5, 1986) (not yet reported). In my opinion, the evidence is insufficient.

All of the objective evidence establishes that appellant was not intoxicated. The intoxilyzer results, which were in evidence, see *Bahlo v. State*, 707 S.W.2d 249 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (not yet reported), establish that appellant's blood alcohol level was .00%. The video tape established that appellant *capably* performed every dexterity test requested. While it is correct that these tests were conducted almost an hour after the time the officer testified that he first observed appellant, Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, sec. 3(d) (Vernon Supp.1986) indicates that the legislature has determined that tests conducted within two hours of an arrest are reliable.

Recognizing that exculpatory evidence does not conclusively establish innocence where some evidence of guilt has been introduced, I have reviewed the evidence on which the majority relies.

Officer J.L. Kay, about whom we know nothing other than that he was employed by the City of Houston for five years, was working overtime in the "DWI Step Program" the night he arrested the appellant. At about 11:00 p.m., Officer Kay observed appellant driving a pickup truck on Irvington Boulevard for about 10 blocks. Appellant was driving 15 to 20 miles per hour,

was weaving, and struck the right hand curb twice during that period. It was Officer Kay's opinion that appellant was intoxicated. He testified that:

As he stepped from the vehicle, I noticed he was supporting himself with one hand. He seemed to be very unsteady on his feet. His balance was weaving. I approached and asked him for his driver's license, and when I was talking to him, I noticed a faint odor of alcohol on his breath. . . .

With the faint odor of alcohol, I was a little confused as to his intoxicated state, so I asked him if he could explain it to me. If he only had two or three beers, why was he so obviously intoxicated? . . . .

Officer Kay asked appellant to do two field sobriety tests: a head tilt and a nose touch. On the head tilt, appellant was "swaying back and forth" and appellant missed his nose two out of three times. The officer testified that he found beer in the car but didn't recall how much or its temperature. (Appellant later testified that it was a twelve-pack with two beers missing and was warm.)

Officer Kay also testified as follows:
Q: Officer, based on your opinion and your experience as a police officer, your years of experience, have you noticed few or many intoxicated persons?
A: Many.
Q: Based on that experience, in your opinion was Mr. Lewis intoxicated—
A: Yes, sir.
Q: —that night?
A: Yes, sir, he was.

While a non-expert witness may express his opinion that a person was intoxicated based on his observations of the accused, the rule as to whether a non-expert may testify whether a person is under the influence of drugs is different. Such testimony must be based on expertise or experience. *Smithhart v. State*, 503 S.W.2d 283 (Tex. Crim.App.1973). Officer Kay was not shown to have had even slight experience, much less expertise, with people who were under the influence of marijuana or any

other narcotic. Officer Kay was accordingly not competent to testify that appellant was driving while intoxicated by a combination of marijuana and alcohol. *Smithhart*, 503 S.W.2d at 285.

Because there is an absence of qualified testimony as to whether appellant was under the influence of a combination of marijuana and alcohol, only circumstantial evidence could support this conviction. Appellant testified that he had had only one puff of a marijuana cigarette 4½ or 5 hours before his arrest. Such evidence was not contested or rebutted. There was no expert or scientific evidence to establish that the small amount of marijuana he had consumed such a long time before driving the automobile could combine with two or three beers, consumed 2½ to 3 hours before his arrest, so as to deprive appellant of the normal use of his mental and physical faculties. Nor was there any expert or scientific evidence to establish that appellant could be intoxicated by a combination of alcohol and marijuana at 11:00 p.m. and yet have no detectable alcohol in his body, and the normal use of his mental and physical faculties, at 11:52 p.m., as appellant had on the video tape. Without such expert testimony, the conviction had to be based on surmise and conjecture. *Smithhart*, 503 S.W.2d 283.

Based on this record, no rational trier of fact could find appellant guilty beyond a reasonable doubt. The evidence is insufficient, and the judgment of conviction should be reversed. For these reasons, I respectfully dissent.