IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-141-CR





CODY COOPER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 367,158, HONORABLE DAVID CRAIN, JUDGE PRESIDING



 




 This appeal is taken from a conviction for driving a motor vehicle while
intoxicated. Appellant waived trial by jury and entered a plea of not guilty. The trial court found
appellant guilty and assessed punishment at 30 days in the county jail and a fine of $100.

 Appellant urges two points of error. First, appellant challenges the legal
sufficiency of the evidence to sustain the conviction. Second, appellant attacks the factual
sufficiency of the evidence to support the conviction. See Orona v. State, 836 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.); Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd,
untimely filed).

 The information in pertinent part alleged that on or about December 1, 1991,
appellant:



did then and there, drive and operate a motor vehicle in a public place in Travis
County, to wit: a public street & [sic] highway, while intoxicated, when said
defendant did not have the normal use of his mental and physical faculties by
reason of the introduction of alcohol into the said defendant's body.



 The trial produced two witnesses. City of Westlake Hills Police Officer Priscilla
Smith was the sole witness for the prosecution. Appellant testified in his own behalf. The
conflict in the evidence was not as to the issue of intoxication, but the cause of the intoxication.

 About 4:56 a.m. on December 1, 1991, Officer Smith was on routine patrol. She
observed the driver of a motor vehicle "disregard" a flashing red light and turn left onto Bee Cave
Road. The vehicle later turned left onto Westbank Drive without any signal being given. The
vehicle then left the roadway, hit an earth embankment, and returned to the roadway. Officer
Smith was able to stop the vehicle on Loop 360. Appellant was the driver. He was alone.

 When appellant was asked for his driver's license, Officer Smith detected a
moderate odor of an alcoholic beverage. When asked if he had been drinking, appellant
responded that he had been playing cards with some friends. As appellant got out of his car, he
held onto it to balance himself. Officer Smith performed a Horizontal Gaze Nystagmus test. 
Appellant had a severe jerking and a lack of smooth pursuit of the eyeballs. The test indicated
to Smith that appellant had consumed alcohol.

 Appellant performed "poorly" on the other field sobriety tests administered. 
Officer Smith described appellant's eyes as red, glassy, and glazed over. Appellant's speech was
slurred. He spoke in a hesitant manner. There was the smell of alcohol about his person. Officer
Smith formed the opinion that appellant's mental and physical faculties were impaired and that he
had had too much to drink to be driving. She arrested appellant for driving while intoxicated. 
After appellant refused to take a breath test, a videotape was made of appellant at Central
Booking. The videotape was admitted into evidence and played for the trial court.

 On cross-examination, Officer Smith acknowledged that the cause of appellant's
intoxication "might have been due to the introduction of alcohol." On re-direct examination,
Officer Smith testified the arrest was based on the traffic offenses, appellant's physical
appearance, the odor of alcoholic beverage, and appellant's poor performance of the field sobriety
testing.

 Appellant testified that he was intoxicated at the time in question, but that it was
due to the use of marihuana, not alcohol. He related that he smoked the marihuana at the poker
game, but did not consume any alcohol, though it was available. Appellant claimed that he had
not consumed any alcohol within twenty-four hours of his arrest. He had a pending D.W.I. case
and was "scared to drink and drive." Appellant explained that he did not take the breath test
because his lawyer had told him never to take one and that he was scared and did not know what
the test would show. Appellant related that he had been through a fairly extensive substance abuse
treatment since his arrest. In rebuttal, Officer Smith testified that she was familiar with the smell
of marihuana and that she did not smell marihuana on appellant's breath or person at the time of
the arrest.

 In his appellate argument, appellant notes the conflict in the testimony as to the
cause of intoxication. He contends that the officer's "testimony showed clearly she did not believe
alcohol involvement beyond a reasonable doubt, or clearly and convincingly, or even by a
preponderance of the evidence." Thus, appellant argues that the trial court did not have a
sufficient basis for determining that the intoxication was due to alcohol as alleged. Appellant cites
no authority to support this contention.

 In a bench trial, the trial court is the trier of fact and the judge of the credibility
of the witnesses and the weight to be given their testimony. Bellah v. State, 653 S.W.2d 795, 796
(Tex. Crim. App. 1983); Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1980); Johnson
v. State, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978). The fact finder can draw reasonable
inferences and make reasonable deductions from the evidence. Benavides v. State, 763 S.W.2d
587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). The trier of fact is free to reject all or
any part of a witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986),
cert. denied, 488 U.S. 872 (1988); Sauceda v. State, 859 S.W.2d 469, 471 (Tex. App.--Dallas
1993, pet. ref'd). The trier of fact need not believe even uncontroverted testimony. Johnson, 571
S.W.2d at 173. Reconciliation of evidentiary conflicts is solely the function of the trier of fact. 
Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); Miranda v. State, 813 S.W.2d
724, 733-34 (Tex. App.--San Antonio 1991, pet. ref'd). Conflicts in evidence will not call for
reversal of a conviction if there is enough credible evidence to support the conviction. Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); Moody v. State, 830 S.W.2d 698, 700
(Tex. App.--Houston [1st Dist.] 1990, pet. ref'd).

 The uncorroborated opinion testimony of the arresting officer in a driving while
intoxicated case may be sufficient to establish a motorist's intoxication. Annis v. State, 578
S.W.2d 406, 407 (Tex. Crim. App. 1979); Little v. State, 853 S.W.2d 179, 183 (Tex.
App.--Corpus Christi 1993, no pet.); Dumas v. State, 812 S.W.2d 611, 615 (Tex. App.--Dallas
1991, pet. ref'd); Irion v. State, 703 S.W.2d 362, 364 (Tex. App.--Austin 1986, no pet.); see also
Espericueta v. State, 838 S.W.2d 880, 883 (Tex. App.--Corpus Christi 1992, no pet.); Ventura
v. State, 801 S.W.2d 225, 228 (Tex. App.--San Antonio 1990, no pet.) (D.W.I. conviction based
on opinion testimony of arresting officer was upheld even though the defendant testified that she
had not consumed alcohol and a psychiatrist testified that a videotape of the defendant displayed
manic depression); Lewis v. State, 708 S.W.2d 561, 562 (Tex. App.--Houston [1st Dist.] 1986,
no pet.) (holding that evidence the defendant had consumed both marihuana and alcohol and was
driving erratically prior to arrest supported driving while intoxicated conviction despite other
evidence that intoxilyzer results showed an 0.00 reading).

 Appellate review of the legal sufficiency of the evidence is limited to determining
whether, in the light most favorable to the court's judgment in a bench trial, a rational trier of fact
could have found beyond a reasonable doubt the essential elements of the crime charged. Jackson
v. Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim.
App. 1989), cert. denied, 495 U.S. 963 (1990). The standard of review is the same in both direct
and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App.
1990); see also Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). If there is evidence that
establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, an
appellate court is not in a position to reverse the judgment on legal sufficiency of evidence
grounds. Jackson, 443 U.S. at 319; Glass v. State, 761 S.W.2d 806, 807 (Tex. App.--Houston
[1st Dist.] 1988, no pet.).

 We conclude that, viewing the evidence in the light most favorable to the trial
court's judgment, any rational trier of fact could have found beyond a reasonable doubt the
essential elements of the offense charged. Simply because a defendant presents a different version
of the events does not render the evidence legally insufficient. Little v. State, 758 S.W.2d 551,
562-63 (Tex. Crim. App.), cert. denied, 488 U.S. 934 (1988); Anderson v. State, 701 S.W.2d
868, 872 (Tex. Crim. App. 1985). The first point of error is overruled.

 When the court of appeals conducts a factual-sufficiency review, the court views
all the evidence equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. The court does not view the evidence in the light most favorable to the
prosecution as it does in a legal-sufficiency review. The court should set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Stone v. State, 823 S.W.2d at 381; see also Orona, 836 S.W.2d at 321.

 Applying the above standard of review, even "when we view the evidence without
the prism of `in the light most favorable to the prosecution,'" Orona, 836 S.W.2d at 322, we hold
that the court's judgment is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Point of error two challenging the factual sufficiency of the evidence
is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: April 27, 1994

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).