MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00069-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RAUL EUGENE SCHILLINGS,                      §                 APPEAL FROM THE 273RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SHELBY COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            This is a probation revocation. On June 9, 2000, Raul Eugene Schillings (“Appellant”)
pleaded guilty to an indictment charging him with the delivery of marijuana to a minor. The trial
court assessed Appellant’s punishment at imprisonment for ten years but suspended the imposition
of sentence and placed Appellant on community supervision for eight years. On November 15,
2002, the State moved to revoke Appellant’s probation. In its motion to revoke Appellant’s
probation, the State alleged that he had violated the terms and conditions of his probation by
intentionally or knowingly possessing (a) eighty-six pills of hydrocodone, a controlled substance,
(b) marijuana in an amount of four ounces or less but more than two ounces, and (c) possessing a
firearm while under community supervision following conviction of a felony.
            On January 31, 2003, the court granted the State’s motion and sentenced Appellant to
imprisonment for ten years. In two issues, Appellant contends (1) the trial court abused its discretion
in revoking his probation, and (2) that the trial court erred in admitting into evidence the confession
of a co-defendant.
 
Background
            On November 8, 2002, officers from the Northeast Texas Narcotics Task Force and deputies
from the Panola County Sheriff’s Department executed a search warrant on a residence in Panola
County. Upon entering the house, they found Appellant, his girlfriend Lori Brown (“Brown”), and
Brown’s four-year-old daughter in the living room. The officers arrested Appellant and Brown and
placed them on the floor while another officer tried to calm the young daughter upset by the furor
accompanying the officers’ entry. During the search of the house, the officers discovered eighty-six
tablets in blister packets suspected of being hydrocodone, a controlled substance. A total of four
ounces of marijuana was found in various locations within the house, consisting of blunt cigars,
residue, loose marijuana, and partially smoked joints. The officers also found a pair of scales in the
living room and a firearm elsewhere in the house. Some of the loose marijuana was located in
Appellant’s coat in the living room, and some of the blunt cigars were found under Appellant where
he lay in the living room. During the search, Appellant volunteered that all the “stuff” (presumably
the narcotics) was his.
            Deputy Kevin Lake (“Deputy Lake”), an eleven-year veteran with the Panola County
Sheriff’s Office, testified that he had seen Appellant mowing the yard at the residence. Brown
admitted that she had accompanied Appellant to meet with his probation officer, and that she had
told his probation officer that Appellant lived with her. She also said that the male clothing in the
bedroom belonged to her estranged husband, and that Appellant stayed in a separate room. While
in custody, Brown gave a written statement in which she stated that Appellant was selling marijuana,
hydrocodone and vicodin tablets. She stated that the drugs found at her residence belonged to
Appellant, but that she knew they were there and that she had recently smoked some of the marijuana
and used some of the pills. Her statement was admitted over Appellant’s objection. On the advice
of her counsel, she refused to answer the prosecutor’s questions directly concerning Appellant’s or
her own role in the offense.
            Deputy Lake had received special training in narcotics interdiction and dealt with marijuana
on a monthly basis. He identified the tablets seized as “suspected” hydrocodone tablets. After
initially describing the loose marijuana as “suspected” marijuana “due to its sight and smell,” he
testified, “I’m not a lab technician, but it is marijuana.” There was no evidence introduced of a
laboratory analysis of the marijuana or the tablets.
 
Standard of Review
            In a probation revocation hearing, the State must establish the violation of the terms of
community supervision by a preponderance of the evidence. Moreno v. State, 22 S.W.3d 482, 488
(Tex. Crim. App. 1999) (en banc). If the State has alleged several violations in its revocation
motion, the revocation order is sufficient if only one violation is supported by a preponderance of
the evidence. Ross v. State, 523 S.W.2d 402, 402 (Tex. Crim. App. 1975). When the State has
sustained its burden of proving the allegation by a preponderance of the evidence, and no procedural
obstacle is raised, the decision whether to revoke probation is within the discretion of the trial court. 
Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979); Gordon v. State, 4 S.W.3d 32, 35
(Tex. App.–El Paso 1999, no pet.). Thus, the only question presented on appeal is whether the trial
court abused its discretion in revoking appellant’s probation. Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. 1981); Gordon, 4 S.W.3d at 35.
            To prove drug possession, the State must show (1) that the defendant exercised care, custody,
control, or management over the drugs, and (2) that the defendant knew that he possessed a
controlled substance. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App 1995). When a
defendant is not in exclusive possession or control of the place where the drugs were found, the State
must affirmatively link the defendant with the drugs. Rodriguez v. State, 635 S.W.2d 522 (Tex.
Crim. App. 1982). Circumstantial evidence relevant in establishing an “affirmative link” between
the appellant and the contraband includes:
 
            (1)         appellant’s presence when the contraband was discovered;
              (2)         whether the contraband was in plain view;
              (3)         appellant’s proximity to and accessibility of the narcotic;
              (4)         whether the appellant was under the influence of narcotics when arrested;
              (5)         whether appellant possessed other contraband when arrested;
              (6)         whether appellant made incriminating statements when arrested;
              (7)         whether appellant attempted to flee;
              (8)         whether appellant made furtive gestures;
              (9)         whether there was an odor of the contraband;
            (10)           whether other contraband or drug paraphernalia was present;
            (11)           whether the place where the drugs were found was enclosed; and
               (12)        whether appellant owned or had the right to possess the place where the drugs were
found.

Chavez v. State, 769 S.W.2d 284, 288-89 (Tex. App.–Houston [1st Dist.] 1989, pet. ref’d); Hyett
v. State, 58 S.W.3d 826, 830 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d). More than the
defendant’s mere presence near the drugs is required, especially when several people are present or
in possession of the place where the drugs were found. Villareal v. State, 865 S.W.2d 501, 503
(Tex. App.–Corpus Christi 1993, pet. ref’d). The totality of the circumstances must indicate the
defendant’s knowledge and control over the drugs. See Brown, 911 S.W.2d at 48. The sufficiency
of the evidence necessary to establish the possession of a firearm by a felon is analyzed under the
same rules used in determining the sufficiency of the evidence in drug possession cases. See Young
v. State, 752 S.W.2d 137, 140 (Tex. App.–Dallas 1988, pet. ref’d).
 
Abuse of Discretion
            In his first issue, Appellant insists first that the trial court abused its discretion in revoking
his community supervision, because the State failed to affirmatively link him to the tablets, the
marijuana, or the firearm. Appellant argues that no written evidence such as a lease agreement or
utility bills connected him to the residence. There was no evidence that the clothes in the one
bedroom where much of the marijuana was found belonged to Appellant. Brown testified that her
estranged husband’s clothing was still in the house. There was absolutely no testimony regarding
the firearm except that it was found in the residence.
            Brown told Appellant’s probation officer that Appellant lived with her. She testified that he
lived there, but stayed in a separate bedroom. Deputy Lake, who lived in the vicinity, testified that
he had seen Appellant mowing the yard and watering the plants, chores normally performed by
residents.
            Although Appellant’s possession of the premises was not exclusive, the officers found loose
marijuana in Appellant’s coat in the living room where it was located when they entered. They also
discovered blunt cigars with the odor of marijuana under Appellant in the living room. Appellant
volunteered that the “stuff” was his. Thus, Appellant was present when the contraband was
discovered, he was very close to some of the contraband and he had ready access to it, he made an
incriminating statement when arrested, and he had the right to jointly occupy the place where the
drugs were. We conclude that these circumstances are sufficient links connecting Appellant to the
suspected drugs seized at the residence. The State concedes that there was insufficient evidence
connecting Appellant to the firearm found in the house.
            Next, Appellant argues that the State failed to prove that the items seized were controlled
substances, but only produced evidence that the tablets were suspected hydrocodone and that what
was alleged to be marijuana was “suspected marijuana.”
            An officer experienced in the recognition of marijuana is sufficiently qualified to express his
opinion that a substance is in fact marijuana. Miller v. State, 168 Tex. Crim. 570, 330 S.W.2d 466,
468 (1959). In Miller, the officer testified that “he had been with the Narcotics Bureau of the Dallas
Police Department for eighteen months and that he was acquainted with and had seen much
marijuana and could recognize marijuana when he saw it.” Id. The court of criminal appeals held
that “[t]he officer’s testimony was sufficient to show his qualifications to testify as an expert and the
opinion expressed by him was sufficient to show that appellant did possess marijuana.” Id.
            Deputy Lake, an officer with many years of experience, special training in narcotics
interdiction, and at the time of trial in charge of the narcotics canine unit, testified that he frequently
dealt with marijuana. Regarding the seized substance, Deputy Lake told the court, “I’m not a lab
technician, but it is marijuana.”
            Deputy Lake’s testimony that the substance taken from Appellant’s coat was marijuana and
that the blunt cigars found under Appellant smelled like marijuana is sufficient to show that the
substance possessed by Appellant was marijuana, a violation of a condition of his probation as
alleged in the State’s motion to revoke. Proof by a preponderance of the evidence of any one alleged
violation is sufficient to support an order revoking probation. O’Neil v. State, 623 S.W.2d 660, 661
(Tex. Crim. App. [Panel Op.] 1981). The trial court did not abuse its discretion, and Appellant’s first
issue is overruled.
 
Lori Brown’s Confession
            In his second issue, Appellant maintains that the trial court erred in admitting into evidence
Brown’s confession. Appellant contends that although the confession was partially self-inculpatory,
the portions that refer to Appellant are self-serving in that they shift the blame to the Appellant as
the primary actor. Appellant argues that the introduction of her confession over his objection, and
her subsequent invocation of her Fifth Amendment privilege effectively denied him his Sixth
Amendment right to confront and cross-examine the witness against him. We note, however, that
Appellant cross-examined Brown and she answered all of the questions asked her by Appellant’s
counsel.
            Further, even assuming the confession was inadmissible, it is presumed that the trial judge
disregarded inadmissible evidence at a probation revocation hearing. Palafox v. State, 509 S.W.2d
846, 849 (Tex. Crim. App. 1974). The sufficiency is then determined from a review of the remainder
of the evidence. Roberts v. State, 537 S.W.2d 461, 463 (Tex. Crim. App. 1976). In addressing
Appellant’s first issue, we did not rely on evidence contained in Brown’s confession in concluding
that Appellant possessed marijuana in violation of the terms and conditions of his community
supervision. Appellant’s second issue is overruled.
 
Conclusion
            The evidence is sufficient to support the court’s order revoking community supervision;
therefore no abuse of discretion is shown. The trial court’s judgment is affirmed.
 
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered May 28, 2004.
Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.








(DO NOT PUBLISH)