

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00463-CR

BARON ALLEN RAY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Baron Allen Ray appeals the revocation of his community supervision and subsequent twenty-four month sentence. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## I. Background

On November 13, 2007, Ray pleaded guilty to possession of less than one gram of a controlled substance. In accordance with a plea-bargain agreement, the trial court deferred adjudicating Ray's guilt and placed him on community supervision for four years. On January 28, 2008, the State filed a motion to proceed with an adjudication of Ray's guilt, alleging that Ray had violated the terms and conditions of his community supervision. Under a plea-bargain agreement, Ray pleaded true to the allegations in the motion to adjudicate. The trial court adjudicated his guilt but suspended imposition of the twenty-four month sentence and placed him on four years' community supervision.

On October 13, 2009, the State moved to revoke Ray's community supervision, alleging that he had tested positive for marijuana. Ray pleaded true to the allegation and agreed to a continuation of his community supervision under the condition that he complete a drug-treatment program. Ray successfully completed this program.

On June 7, 2011, Ray was in the parking lot of a public swimming pool and appeared to have been drinking because, according to pool attendant Madonna Baker, "[h]e wasn't talking right" and his behavior was "off the wall." Baker saw that Ray was holding a beer can and believed Ray was "highly intoxicated" based on his behavior. Because alcohol was prohibited at the pool and because he did not have a pass to be in the pool area, Baker told him he could not swim when he tried to get in the pool. Ray became irritated, began loudly using profanity,

2

and threw his beer can at the door of the pool office. Ray denied that he was drinking alcohol and denied cursing, stating that he only expressed his general displeasure with "stupid, silly rules." Several families with children left the pool area when this began, and Baker felt "uncomfortable." Ray left, and Baker called the police.

Deputy Roland Smith arrived at the pool, and Baker gave him Ray's license plate, which led Deputy Smith to Ray's house. Deputy Smith knocked on the front door, but there was no response. He walked to the back of the house, where he saw Ray inside and "passed out" in a chair. Deputy Smith "beat on the door and hollered through the [open] window, and finally . . . got him to wake up." Ray allowed Deputy Smith to come into the house. Deputy Smith smelled the "odor of burnt marijuana" and saw, in plain view, several packages of synthetic marijuana, pipes, and rolling papers. Further, Ray "had a strong odor of alcohol on his breath." Deputy Smith determined Ray was intoxicated and placed him under arrest.

On July 8, 2011, the State filed a motion to revoke Ray's community supervision, alleging that Ray possessed drug paraphernalia, committed a breach of the peace, and consumed alcohol, all of which violated the terms and conditions of his community supervision.[2] Ray pleaded not true to the

---

[2]The State also alleged that Ray possessed synthetic marijuana, but it waived that allegation before the hearing because "the status of [synthetic marijuana] as a controlled substance was somewhat ambiguous."

3

allegations. At the revocation hearing, Ray's probation officer, Bobby Ross Hayworth, testified that Ray tested negative for alcohol and controlled substances the day after the arrest, but he also explained that such a test would not detect synthetic marijuana and that alcohol metabolizes quickly.

The trial court found that Ray violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to twenty-four months' confinement. Ray now appeals and argues that the trial court abused its discretion by revoking his community supervision because the State failed to prove the violations by a preponderance of the evidence.

## II. Standard Of Review

We review an order revoking community supervision under an abuse of discretion standard. *See Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Cherry*, 215 S.W.3d at 919. This burden is satisfied if the greater weight of the credible evidence creates a reasonable belief that it is more probable than not that the defendant violated the condition. *See Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.).

If the State fails to produce a preponderance of the evidence to support revocation, the trial court abuses its discretion in revoking the community supervision. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App.

4

1984). However, proof by a preponderance of any one alleged violation is sufficient to affirm a revocation order. *See Bryant v State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See Hacker*, 389 S.W.3d at 865; *Cherry*, 215 S.W.3d at 919.

## III. Application

Here, the preponderance of the evidence supports the trial court's conclusion that Ray consumed alcohol in violation of the terms and conditions of his community supervision. Baker testified that Ray acted "highly intoxicated" at the pool, that he was carrying a beer can, and that he acted "off the wall" and threw the beer can at the office door. Deputy Smith testified that Ray was "passed out," was difficult to rouse, and he smelled strongly of alcohol. Deputy Smith concluded Ray was intoxicated. The testimony of a police officer or a lay witness that an individual is intoxicated is probative evidence of intoxication. *McCown v. State*, 192 S.W.3d 158, 164 (Tex. App.—Fort Worth 2006, pet. ref'd).

Even though Ray tested negative for alcohol the next day, the evidence shows that the metabolism rate of alcohol allows for a finding that Ray was indeed intoxicated the day before. Although Ray denied he had been drinking, this was a credibility determination that the trial court was in a position to make and that we must defer to. The great weight of the credible evidence offered

5

before the trial court created a reasonable belief that it was more probable than not that Ray consumed alcohol, which was a violation of the terms and conditions of his community supervision. *See, e.g.*, *Palafox v. State*, 509 S.W.2d 846, 848 (Tex. Crim. App. 1974) (upholding revocation of community supervision on officer's testimony that defendant was intoxicated based on strong smell of alcohol and slurred speech). We need not address the other grounds for revocation.

## IV. Conclusion

Because the preponderance of the evidence supported the trial court's revocation order, we overrule Ray's sole issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 30, 2013