**Charles David GREGORY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38161.**

Court of Criminal Appeals of Texas.

April 21, 1965.

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., William F. Alexander, Robert Stinson, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by firearms; the punishment, 50 years.

Store Manager Orsak testified that on January 11, at 10:45 a. m. a very tall man came into his store and engaged him in conversation concerning a check, that at about 12:05 p. m. on the same day he observed appellant standing near his office and some five minutes later the tall man returned and by means of exhibiting a pistol took $8,655.00 from him and left the store. He testified that he followed the tall man to the front door, saw him enter an Olds- mobile driven by appellant and hurriedly flee the scene. He testified that on the fol- lowing day he identified appellant at a police line up in Oklahoma City.

Mrs. Henderson, a customer at Mr. Orsak's store, observed Orsak come run- ning out of the front door of his store and make a motion toward the Oldsmobile which she and her husband followed until they secured the license number which she gave to a police officer.

Lt. Schmidt of the Oklahoma City Police testified that on January 12, after having been in communication with the Dallas Police, he observed an Oldsmobile bearing Texas license plates parked in front of Cabin 501 at the Holiday Inn Motel in Oklahoma City and that he and his fellow officers then surrounded the motel. One of his subordinates, Officer Meade, testified that at 1:00 a. m. on January 13, an auto- mobile let out some passengers at Cabin 501 and that he pursued it as it left, finally brought it to a halt and arrested appellant and the two other occupants. A pistol was found under the seat.

Detective Potts of the Dallas Police tes- tified that he went to Oklahoma City on January 14, and there talked to appellant, who was in custody, and after having been duly warned, the appellant executed a written statement.

Prior to the admission of the evidence concerning the confession the jury was re- tired, and Detective Potts was questioned by appellant's counsel as to whether or not he had told appellant that if he would sign the statement, his mother, who was in jail in Oklahoma City, would be released, and that if he refused, she would be kept in jail. Detective Potts denied that he made such an offer. Appellant testified in the absence of the jury and stated that he signed the confession because Potts promised to turn his mother loose if he would do so. He further stated that Potts wrote out his statement and then brought it back to him in typewritten form, that he read the same and then signed it. The confession recites that appellant participated in the robbery in that he drove the get away car, that he re- ceived $1,000.00 for his part, and that the officers recovered the $1,000.00 from him

when he was arrested. He admitted a prior ten year conviction for armed robbery. At the conclusion of the hearing in the absence of the jury, the court made a definitive finding that appellant had been properly warned and that the confession had been voluntarily made and was legally admissible as a statement.

In the presence of the jury the confession was offered in evidence by the State, and no objection was interposed by appellant. Appellant did not testify or offer any evidence in his behalf in the presence of the jury.

Miss Beggs, an Adult Probation Department employee whose office was in the Courthouse, testified without objection that on March 6th following the robbery in question, the appellant, while participating in a jail break, held her hostage in a vacant courtroom for a time and that when Mrs. Thornton, another courthouse employee, responded to her cries for assistance, he released her, grabbed Mrs. Thornton and forced her with what appeared to be a pistol to accompany him down the hallway. Mrs. Thornton testified that appellant exhibited what appeared to her to be a gun and forced her to accompany him down the stairs and across the street where he was captured by Deputy Sheriff Player.

There are no formal bills of exception in the record. By brief appellant contends that the court erred in passing on the voluntary nature of his confession and not submitting such question to the jury. As will be seen from the above, the court cautiously followed the procedures recommended in Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, and since no evidence which would raise an issue of involuntariness was presented before the jury, and because the confession was placed into evidence before the jury without objection, the court properly refrained from submitting an issue as to its voluntariness to them in his charge.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.