Wayne COGBURN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43207.

Court of Criimnal Appeals of Texas.

Nov. 4, 1970.

Ben D. Sudderth, Comanche, for appellant.

Sam Cleveland, Dist. Atty., Stephensville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is cattle theft; the punishment, five (5) years.

Appellant's first ground of error is the failure of the court to charge on circumstantial evidence. The owner of the calf testified as to loss and subsequent recovery. State's Exhibit Number One was appellant's confession, which was introduced after testimony of the District Attorney as to its voluntariness, and after a finding by the court which fully complied with the rule in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.[1]

In Stoneham v. State, Tex.Cr.App., 389 S.W.2d 468, this Court held that the admission of the confession fully admitting the commission of the offense rendered un-

necessary a charge on circumstantial evidence.

Appellant's second ground of error is that the court failed to instruct the jury on the issue of the voluntariness of the confession. No evidence was introduced challenging the voluntariness of the confession. Gregory v. State, Tex.Cr.App., 389 S.W.2d 301, is authority for the court's refusal to charge as requested.

His last ground of error is that the evidence is insufficient to support the conviction. The loss of the calf was established by the owner and his brother. Appellant was seen in the vicinity where the theft occurred. Appellant confessed to the theft.

We hold the evidence sufficient to support the conviction; and no reversible error appearing, the judgment is affirmed.

1. Cf. Gaston v. State, Tex.Cr.App., 495 S.W.2d 858.