Timothy Shawn **HEWITT**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–86–121–CR.

Court of Appeals of Texas,
Fort Worth.

July 29, 1987.

Rehearing Denied Sept. 2, 1987.

Vick, Chrestman, Carney & Smith, Daniel W. Carney, Weatherford, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Atty. Gen., with David L. Richards, Asst. Atty. Gen., Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from conviction of Timothy Shawn Hewitt of the offense of being intoxicated while operating a motor vehicle in a public place. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*–1(b) (Vernon Supp. 1987). Trial was to a jury. Punishment was fixed at 180 days in jail plus a $500.00 fine, both probated. Appellant alleges some twelve points of error.

We affirm.

Appellant was stopped on State Highway 121 in Hurst, Tarrant County, Texas by an officer who observed appellant's vehicle "weaving." When appellant exited his vehicle the officer observed signs of intoxication and conducted field tests for sobriety. Later appellant submitted to a breath test. Appellant was charged by information with D.W.I. alleging both loss of faculties by use of alcohol *and* having an alcohol concentration of at least 0.10. The information also set out an enhancement count for open container but this was waived prior to trial.

In the first point of error, appellant urges that the State failed to prove that the offense occurred in the State of Texas. It is not necessary to go into the various authorities cited by both sides as the record amply refutes this. The trial took place in Tarrant County, Texas and several witnesses testified to "Tarrant County." Two witnesses referred to the "Texas Department of Public Safety." One witness testified as to the "legal drinking age in Texas." There was testimony concerning "Irving, Texas," (home of the Dallas Cowboys); "Grapevine, Texas," "North Richland Hills," and "Hurst," were mentioned, all three being sizeable Tarrant County communities; and there was testimony about "Highway 121, commonly referred to as the Airport Freeway" and "Loop 820," both being well known, heavily travelled thoroughfares in Tarrant County, Texas. Since this constitutes more than sufficient evidence to support the jury finding, the first point of error is overruled.

Appellant's second point of error lacks substance. He complains of the court's refusal to give a requested charge on burden of proof. The trial court gave such charge but with the sentences in a different sequence within the paragraph than the sequential order requested. Point of error number two is overruled. *See Cox v. State,* 494 S.W.2d 574, 575 (Tex.Crim.App. 1973).

In the third point of error, appellant complains of the trial court's refusal to charge the jury on failure to drive in a single marked lane as a lesser included offense of D.W.I.

■ The offense of failing to operate a motor vehicle within a single marked lane is not a lesser included offense of driving while intoxicated. To determine whether a charge on an alleged lesser included offense is required, reviewing courts must employ the two-step analysis set forth in *Royster v. State*, 622 S.W.2d 442 (Tex. Crim.App.1981) (opinion on reh'g). *See Evans v. State*, 677 S.W.2d 814, 821 (Tex.App. —Fort Worth 1984, no pet.). First, the lesser included offense must be within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty he is guilty of only the lesser included offense. *Royster*, 622 S.W.2d at 446.

■ Appellant's argument fails under the threshold step of the analysis. The elements of the offense of Intoxicated While Driving are:

(1) that the defendant was in control of a motor vehicle;

(2) that the defendant was operating the vehicle in a public place; and either;

(3A) did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body, OR, (3B) had an alcohol concentration of 0.10% or more.

*See* TEX.REV.CIV.STAT.ANN. art. 6701*l* –1(a)(2), (b) (Vernon Supp.1987). Failing to maintain a single lane of traffic is not an item of proof *necessary* to establish the offense of Intoxicated While Driving. Point of error number three is overruled.

■ Appellant's fourth point of error concerns the refusal of the trial court to give the following requested instruction to the jury:

The State has introduced evidence of a scientific analysis of a specimen of the Defendant's breath. However, before you may consider the results and interpretations of such analysis, you must find beyond a reasonable doubt that the breath testing instrument and equipment used, (1) had the approval of and was certified by the scientific director for the Alcohol Testing Program of the Texas Department of Public Safety, and (2) that the breath testing techniques and methods used had the approval of the same scientific director.

The breath testing instrument operator, who testified and administered the breath test with approved and certified equipment and utilizing approved techniques and methods, if you have so found, must be found beyond a reasonable doubt to have possessed the proper certification as a breath test operator under the standards set forth by the same scientific director.

You must also find beyond a reasonable doubt that the technical supervisor who testified possessed the necessary qualifications by education and training in the proper scientific fields (1) to calibrate the breath testing instrument, (2) to express an opinion concerning the interpretation of the analysis of the breath sample, and (3) to periodically supervise matintenance [sic] of the breath testing instrument.

If you do not find each of the above elements beyond a reasonable doubt, then you shall not consider the breath testing analysis for any purpose whatsoever.

Appellant relies on three cases to support his contention, i.e., *Cody v. State*, 548 S.W.2d 401 (Tex.Crim.App.1977); *Palafox v. State*, 509 S.W.2d 846 (Tex.Crim.App. 1974); and *Hill v. State*, 158 Tex.Crim. 313, 256 S.W.2d 93 (1953). None of these are applicable because in each of the cited cases the State failed to offer appropriate expert testimony to support *proper* operation of the device in question or *proper* interpretation of the results achieved.

In the instant cause the State called the certified technical supervisor who testified to his qualifications; to the approval and certification of the testing equipment used in this case (by the Texas Department of Public Safety); to his inspection and approval of said equipment; to his opinion

that the equipment was operational and accurate at the time of the test in this case; to the proper preparation of such chemicals as were used in this test; to the effect of malfunctions, that is, that no printout would be obtained except as to one malfunction that would produce an artificially low result; and to the *proper* techniques for operators as approved by the Department of Public Safety and as taught by him to the operators under his supervision. All this predicatory testimony was without objection; it remained unquestioned after cross-examination; and no contrary testimony was offered by appellant's counsel.

The operator testified to being certified by the Texas Department of Public Safety; to having given an intoxilyzer test to appellant; to having followed the approved technique, step-by-step; and that appellant registered .18 concentration of alcohol. Cross-examination left this testimony unchallenged and no contrary testimony was offered by appellant's counsel.

In *Moseley v. State*, 696 S.W.2d 934 (Tex. App.—Dallas 1985, pet. ref'd), the Dallas court held that Moseley had waived his right to object to an improper predicate (in an intoxilyzer case) by allowing an earlier witness to testify, without objection, to the alcohol concentration. However, in what was possibly dictum in that case, Chief Justice Guittard, in an abundance of caution, wrote what appeared to be controlling law as to the refusal of the trial court to charge the jury fairly well along the line involved in our case. With due deference to his research the following excerpt is set forth *in haec verba:*

The rule requiring special instructions in such situations has been statutorily enacted with respect to voluntariness of confessions in article 38.22, sections 6 and 7, of the Texas Code of Criminal Procedure (Vernon 1979). *See Rogers v. State*, 549 S.W.2d 726, 729–30 (Tex.Crim. App.1977) (fact issue of voluntariness raised by evidence of mental incapacity); *Burton v. State*, 505 S.W.2d 811, 812–13 (Tex.Crim.App.1974) (fact issue raised with respect to warning appellant that his confession may be used against him); *Jordan v. State*, 163 Tex.Crim. 287, 290

S.W.2d 666 (1956) (fact issue raised on defendant's knowledge of contents of confession). Nevertheless, in such a case the defendant is not entitled to such an instruction in the absence of evidence showing that the confession was not voluntary. *Hughes v. State*, 562 S.W.2d 857, 863 (Tex.Crim.App.) (en banc) *cert. denied*, 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250 (1978); *Cogburn v. State*, 458 S.W.2d 932, 933 (Tex.Crim.App.1970); *Gregory v. State*, 389 S.W.2d 301, 303 (Tex.Crim.App.1965). Nor does evidence presented by the State in anticipation of an attack on the voluntariness of a confession put voluntariness in issue and require such an instruction if no contrary testimony is offered. *Brooks v. State*, 567 S.W.2d 2, 3 (Tex.Crim.App.1978); *McDonald v. State*, 631 S.W.2d 237, 239 (Tex.App.—Fort Worth 1982, no pet.).

If no instruction on the voluntariness of a confession is necessary in the absence of a fact issue concerning the requirements of section 38.22, as the above authorities hold, then, by the same reasoning, no instruction on the methods of administering a breath test is necessary in the absence of a fact issue concerning the use of the methods prescribed by section 3(b). We recognize that section 3(b) provides that a breath test, 'to be considered valid,' must be administered according to the methods approved by the Department of Public Safety. Yet, the confession cases cannot be distinguished on this ground because article 38.22 likewise provides, in effect, that a confession, to be considered valid, must meet the requirements of that statute. Accordingly, we hold that no instruction is necessary on the validity of a breath test unless a fact question is raised concerning compliance with section 3(b).

In our application of this holding to the present case, we have reviewed the record and conclude that there is no evidence raising a fact issue on whether appellant's test was performed according to the methods approved by the Department of Public Safety. Since there was no fact issue raised by the evidence, ap-

pellant was not entitled to an instruction submitting this issue to the jury. *Id.* at 937. We find this controls the question before us and we adopt this as the law of our case. Point of error number four is overruled.

In the fifth point of error appellant challenges the trial court's refusal to charge the jury on the question of probable cause for the initial stop. The arresting officer testified that appellant weaved from one lane to another twice. Appellant testified that he only did so once, and then because he was adjusting his stereo. This creates no material fact issue for jury determination. *See Gaffney v. State,* 575 S.W.2d 537, 543 (Tex.Crim.App.1978). Point of error number five is overruled.

Complaint is levelled in point of error number six that the operator's testimony on alcohol concentration should have been excluded because the technical supervisor, in stating that the intoxilyzer equipment was certified, had failed to specifically state that the "reference simulator" had been certified by the Department of Public Safety. The technical supervisor stated that the device used in this case had been properly certified and in describing its operation he included the use of the reference simulator as well as other allied equipment. Counsel for appellant, on cross-examination, made no inquiry about the reference simulator and offered no evidence from any other source to indicate that such specific equipment was either faulty *or* uncertified. By failing to create an evidentiary basis for individualized consideration of this equipment when he had an opportunity to do so, appellant has waived any right to complain on appeal. *See Harrell v. State,* 725 S.W.2d 208, 213 (Tex.Crim.App.1986). Point of error number six is overruled.

The seventh point of error alleges that the results of the breath test are inadmissible because appellant was not advised of his right to have a blood test performed. Appellant offers no authority to support his contention. In *McKinnon v. State,* 709 S.W.2d 805, 807 (Tex.App.—Fort Worth 1986, no pet.) we held adversely to this claim. We adhere to such ruling. The seventh point of error is overruled.

In point of error number eight appellant complains of the following questions and answers during the testimony of the arresting officer:

Q. Did you ask him if he'd been drinking?

A. Yes, sir, I did.

Q. What did he say?

A. He said 'Yes, sir.'

At a pre-trial hearing on the suppression of any statements made by appellant the trial court did not rule on any specific statements attributed to appellant but simply instructed the prosecutor to adhere to article 38.22 of the Texas Code of Criminal Procedure (When Statements May be Used). Upon proper objection and request the trial court instructed the jury to disregard the questions and answers (supra), and denied a motion for mistrial.

We find that the questions and answers were not calculated to inflame the minds of the jurors and that the instruction by the court was sufficient to cure any error. *See Carey v. State,* 537 S.W.2d 757, 759 (Tex.Crim.App.1976) (opinion on reh'g). And even further we note that appellant took the witness stand and freely admitted having four or five beers during the time period between 10:00 p.m. and 12:30 a.m. (when he was arrested). Error in the admission of evidence is cured when the same evidence comes in elsewhere without objection. *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Crim.App.1980).

In his ninth point of error appellant complains that the prosecutor injected matters outside the record when the following statement was made during summations:

He also said, 'Well, we put Mr. Hewitt up there, and we gave the Prosecutor a chance to tear him apart.' Well, why would I want to tear him apart? This courtroom is not a place to tear him apart. We're here to find the truth and determine the truth based on the evidence, and I'm not—I asked Mr. Hewitt how many beers he'd had, and he told the officer four or five, and if you believe his testimony, which I believe it, four or five

beers if he gets off at work at 9:45, starts drinking at 10:00 and quits drinking at midnight, that's at least a beer every 30 minutes, and your system can't get rid of a beer every 30 minutes.

Counsel for appellant interposed the following objection:

MR. CARNEY: Your Honor, I object respectfully. That's totally outside the record. They didn't put on any testimony about burn-off of alcohol. It's completely outside the record. There's no evidence to support that.

The objection was overruled.

◼ Permissible areas of jury argument include the following: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; and (4) pleas for law enforcement. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973). The State also urges consideration of *Holbert v. State,* 457 S.W.2d 286 (Tex.Crim. App.1970) to allow argument on matters subject to common knowledge. We need not consider *Holbert.*

◼ Counsel for appellant has overlooked the following exchange which took place while the prosecutor was interrogating appellant before the jury:

Q. Well, let me ask you this: Would you take an exam after you've had four or five beers?

A. Yes, sir.

Q. You would?

A. I took one.

Q. After you'd had four or five beers?

A. Like in school or something?

Q. Yeah.

A. It's a matter of how much time had spread that I consume that four or five beers.

Q. Well, 30 minutes after you drank four or five beers, would you take a biology exam?

A. No, sir. I'd give it time to wear off.

Appellant can hardly complain when the prosecutor hands his own words back to him on a silver tray. Point of error number nine is overruled.

◼ In his tenth point of error, appellant complains of questions asked (and answered) concerning the arresting officer's participation in the S.T.E.P. (Selective Traffic Enforcement Program). This occurred on redirect examination. A perusal of the record reflects that counsel for appellant opened up this line of inquiry on cross-examination when he asked about the officer's participation in S.T.E.P. in an apparent attempt to undermine the *bona fides* of the officer in stopping appellant. The prosecutor then proceeded to develop the background and purposes of the program more fully. The line of questioning was invited. The tenth point of error is overruled. *See Mulder v. State,* 707 S.W.2d 908, 914 (Tex. Crim.App.1986).

◼ Appellant's eleventh point of error complains of certain questions asked of the appellant concerning the age of himself and his companions and the legal drinking age in Texas. These questions may be construed to have brought forth evidence of an extraneous offense or offenses. When objection was made the court sustained same and instructed the jury to disregard. Mistrial was denied. Since earlier unobjected testimony had established the ages of the young men, no harm is shown by the asking (and even the answering) of these questions. *See Boles,* 598 S.W.2d at 279. Additionally, the court's instruction was sufficient to cure any error, under the circumstances. *See Carey,* 537 S.W.2d at 759. Point eleven is overruled.

◼ In his twelfth and last point of error, appellant complains that the information charges two separate offenses. The information charged, in pertinent part:

THEN AND THERE DRIVE AND OPERATE A MOTOR VEHICLE IN A PUBLIC PLACE WHILE THE SAID DEFENDANT WAS INTOXICATED BY NOT HAVING THE NORMAL USE OF HIS MENTAL AND PHYSICAL FACULTIES BY REASON OF THE INTRODUCTION OF ALCOHOL INTO HIS BODY AND BY HAVING AN ALCO-

HOL CONCENTRATION OF AT LEAST 0.10.

The above information did not allege the commission of two separate crimes. It charged appellant with having been in violation of the law in two ways: (1) by not having the normal use of his mental and physical faculties; and (2) by having an alcohol concentration of at least 0.10. The information set forth the elements of the offense noted by this court in *Forte v. State*, 686 S.W.2d 744, 746 (Tex.App.—Fort Worth 1985) (opinion on reh'g), *rev'd on other grounds*, 707 S.W.2d 89 (Tex.Crim. App.1986), and was not subject to a motion to quash. It is proper for an information to allege different ways of committing the offense in the conjunctive and for the jury to be charged disjunctively. *Vasquez v. State*, 665 S.W.2d 484, 486 (Tex.Crim.App. 1984); *Vaughn v. State*, 634 S.W.2d 310, 312 (Tex.Crim.App.1982). Error twelve is overruled.

The judgment of the trial court is affirmed.