11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Wesley Earl Evans

Appellant

Vs.                   Nos. 11-02-00019-CR & 11-02-00020-CR -- 
Appeals from Harris County

State of Texas

Appellee

 

The jury convicted appellant of two charges of
aggravated sexual assault of a child in a single criminal action and assessed
his punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for a term of 60 years for each conviction.   Appellant brings five points of error on
appeal.[1]  We affirm.

Appellant attacks the legal sufficiency of the
evidence supporting the convictions in his second point of error.  Evidence is legally sufficient when, viewed
in the light most favorable to the verdict, it is sufficient to permit a
rational trier of fact to find all the essential elements of the charged crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  Each conviction
involves an allegation of sexual assault committed against the same female
child.  The record shows that the
victim, the victim=s
mother, and the victim=s
two brothers resided with appellant during the period of time relevant to these
proceedings in a house located on Boggess Street in Houston.[2]  At various times, several of the victim=s maternal relatives also
lived in the house on Boggess Street.








The victim testified that appellant sexually
assaulted her numerous times while her mother was at work.  She testified about a particular episode
occurring at the house on Boggess Street 
wherein appellant took her from her bedroom to his bedroom.  After removing her clothing and his
clothing, appellant laid down on top of the victim and caused his male sexual
organ to contact the female sexual organ of the victim.  The victim testified that this conduct
occurred on numerous occasions at the house on Boggess Street.  The victim also testified about another
specific episode occurring at another house owned by appellant referred to as Athe shack.@  The victim testified that appellant took her to Athe shack@ and sexually assaulted her
on a table.  

In addition to the victim=s testimony, several of her family members
testified regarding the account of the assaults reported to them by the
victim.   The victim=s therapist testified that
she did not detect any signs of fabrication with respect to the victim=s allegations against
appellant.  A pediatrician who examined
the victim testified that the condition of the victim=s hymen was suggestive of penetrating
trauma.  

Appellant bases his legal insufficiency argument
on the allegation that the victim=s
testimony was not credible.    Appellant presented evidence to the jury
attacking the victim’s credibility.  He 
argued that the victim=s
testimony was contrived based on disagreements that he had with the victim=s maternal relatives and
the victim=s ill
feelings towards him regarding a bicycle that he had taken away from her.  As the fact finder, the jury was the sole
judge of the credibility of the witnesses and the weight to be given their
testimony and could believe or disbelieve all or any part of the victim’s
testimony.  TEX. CODE CRIM. PRO. ANN.
arts. 36.13 & 38.04 (Vernon 1979 & 1981).  Viewing the evidence in the light most favorable to the verdict,
we find the evidence sufficient to permit a rational trier of fact to find all
the essential elements of the charged crime beyond a reasonable doubt.  Appellant’s second point of error is overruled.








In deciding whether the evidence is factually
sufficient to support the conviction, we review all of the evidence in a
neutral light favoring neither party to determine if the verdict is clearly
wrong and manifestly unjust or against the great weight of the evidence.  Goodman v. State, 66 S.W.3d 283, 285-86
(Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 7 (Tex.Cr.App.2000); Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).  We review the fact finder’s weighing of the evidence and cannot
substitute our judgment for that of the fact finder.  Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
supra.  Due deference must be given to
the fact finder’s determination, particularly concerning the weight and
credibility of the evidence.  Johnson v.
State, supra; Jones v. State 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d,
522 U.S. 832 (1997).

As outlined above, the evidence is not too weak to
support the verdicts.  The evidence
appellant presented was not so overwhelming as to render the jury’s verdicts
clearly wrong and unjust.  Appellant
offered the testimony of a relative who testified that appellant resided with
him during a portion of the time period in question.  This testimony conflicted with the testimony of another witness
called by appellant who testified that appellant resided at the house on
Boggess Street during the same period of time. 
The testimony offered by appellant in support of acquittal rested
largely upon the jury’s determination of the witnesses= credibility.  A decision is not clearly wrong and unjust
merely because the fact finder resolved conflicting evidence in favor of the
State.  Cain v. State, supra at 408.   Appellant’s third point of error is
overruled.

Appellant’s fourth point of error also attacks the
legal sufficiency of the evidence supporting his convictions.  He contends that the evidence is legally
insufficient to establish that both offenses with which he was charged occurred
in Texas.  The indictments in each cause
are identical except for the alleged date of the offenses.  The indictment in Cause No. 11-02-00019-CR
charged appellant with an offense that occurred on or about September 1, 1998.  The indictment in Cause No. 11-02-00020-CR
charged appellant with an offense that occurred on or about May 1, 1998.[3]  Appellant bases his argument on the
contention that the State failed to prove that “the shack” was located within
the State of Texas.  He does not attack
the jurisdictional evidence regarding the assault occurring at the house on
Boggess Street.   Appellant argues that both
convictions must be overturned because the evidence did not establish that both
offenses occurred in the State of Texas.








We disagree with appellant’s assessment of the
jurisdictional evidence.  The
victim  described two specific instances
of sexual assault committed by appellant. 
One of these instances occurred at the house on Boggess Street  while the other instance occurred at “the
shack.”   However, these are not the
only episodes of sexual assault which were presented to the jury.  At the conclusion of her description of the
sexual assault which occurred at Boggess Street, the victim testified that this
conduct occurred on numerous times at that location.  Accordingly, neither of the convictions were necessarily
dependent upon the episode of sexual assault occurring at “the shack.”  The jury could have based its convictions in
both cases upon two sexual assaults occurring at the house on Boggess
Street.  

Moreover, sufficient evidence was offered at trial
to establish that the sexual assault which occurred at “the shack” occurred in
the State of Texas.  While no direct
testimony was offered  to show that “the
shack” was located in Harris County, the testimony revealed that the house was
located on Jewel Street in the Fifth Ward. 
Jurisdiction can be proven circumstantially.  Vaughn v. State, 607 S.W.2d 914, 920 (Tex.Cr.App.1980).  References to places known to be in
Texas  represent ample evidence on which
the jury could base its verdict.  See
Hewitt v. State, 734 S.W.2d 745, 747 (Tex.App. B Fort Worth 1987, pet’n ref’d).  The trial occurred in Harris County with
Houston and Harris County law enforcement and child protective service
officials testifying regarding their investigation of the matters alleged.  Sufficient evidence was, therefore, offered
to establish that the sexual assault which occurred at “the shack” occurred in
Texas.   Appellant’s fourth point of
error is overruled.  

Appellant’s fifth point of error in Cause No.
11-02-00019-CR seeks to overturn his conviction in that cause based on the same
jurisdictional allegation he asserted in his fourth point of error.  Appellant’s fifth point of error is
overruled on the same basis that we have overruled his fourth point of error.








Finally, appellant contends in his first point of
error that the trial court erred in overruling his motion to sever the two
causes.  Chapter Three of the Texas
Penal Code governs the consolidation, joinder, and severance of multiple
offenses tried in a single criminal action. 
A defendant may seek a severance when two or more offenses have been
consolidated or joined for trial in a single criminal action.  TEX. PENAL CODE ANN. ' 3.04 (Vernon Supp.
2002).  Since he was charged with two
offenses of aggravated sexual assault of a child younger than 17 years of age,
appellant did not possess the right to compel a severance.  See TEX. PENAL CODE ANN. '' 3.03(b) &
3.04(c) (Vernon Supp. 2002).  Instead,
appellant was not entitled to obtain a severance unless the trial court
determined that he or the State would be unfairly prejudiced by a joinder of
the offenses.  See Section 3.04(c).

Appellant presented his motion to sever after the
voir dire process had been completed. 
Citing Thornton v. State, 986 S.W.2d 615 (Tex.Cr.App.1999), the State
argues that appellant’s motion to sever was untimely.  We agree.   The Court of
Criminal Appeals held in Thornton that a motion to sever is a “pleading
of the defendant” that must be raised pretrial.  Thornton v. State, supra at 617.   Appellant’s motion to sever was not timely because it was not
filed prior to trial.  The court in Thornton
stated that a motion to sever filed after the voir dire process commences is
untimely.  Moreover, the record does not
demonstrate that the trial court erred in overruling the motion to sever.  As noted previously, appellant was only
entitled to a severance upon a showing of unfair prejudice.  “The primary reason for a defendant to sever
offenses is to limit the presentation of evidence of the defendant’s wrongdoing
to one offense, rather than allowing presentation of evidence of multiple
offenses.”  Thornton v. State, supra at
617.   A severance of the two charges
would not have limited the presentation of evidence of appellant’s wrongdoing
to one offense because TEX. CODE CRIM. PRO. ANN. art. 38.37 (Vernon Pamph.
Supp. 2002) permits the admission of evidence of other acts committed by the
defendant against a child victim in cases involving sexual assault.  Appellant’s first point of error is
overruled.

The judgments of the trial court are affirmed.

 

PER CURIAM

 

August 29, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Appellant=s
fifth point of error is limited to Cause No. 11-02-00019-CR.





     [2]Appellant was the father of one of the victim=s brothers.





     [3]The prosecutor informed the jury during closing
argument that the dates set out in the indictments were selected at
random.  The Aon or about@ language of an indictment allows the State to
prove a date other than the one alleged in the indictment as long as the date
is anterior to the presentment of the
indictment and within the statutory limitation period.  Sledge v. State, 953 S.W.2d 253, 256
(Tex.Cr.App.1997).