

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-142-CR

MORIS L. RICHMON                                                 APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I.    Introduction

Appellant Moris L. Richmon was convicted by a jury of two counts of possession of controlled substances in the amount of one gram or more but less than four grams, namely cocaine and heroin.[2] In his first and second points, he

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D) (Vernon Supp. 2008), 481.115 (a), (c) (Vernon 2003).

argues that the evidence was legally and factually insufficient to show possession of heroin in the amount of one or more but less than four grams.[3] In his third and fourth points, he argues that the evidence was legally and factually insufficient to show he possessed cocaine in the amount of one or more but less than four grams. We affirm.

## II.    Factual and procedural background

Appellant was riding his bicycle on a dark street at 4:00 a.m. on April 24, 2007, when Kennedale Police Officer Joshua Worthy pulled him over because of an obscured rear reflector and lack of a front light. Officer Worthy asked Appellant for identification and ran his name to check for warrants. He took Appellant into custody for outstanding warrants and searched him incident to arrest. Officer Worthy found two cardboard matchboxes in Appellant's left front pants pocket; one box contained matches but the other contained two white rock substances that Officer Worthy described as appearing "consistent with rock cocaine." From Appellant's right front pants pocket, Officer Worthy recovered another matchbox containing thirty-two clear capsules full of a brown granulated material. Officer Worthy used a field test kit to perform a

_____

[3] Rather than addressing the heroin evidence first, Appellant initially discusses the cocaine evidence in the body of his argument. We will address the arguments in the order of his listed points of appeal.

2

preliminary test for cocaine on the rock-like substances and then packaged and processed the items for further testing. Appellant was indicted on two counts, possession of cocaine and possession of heroin.

Christina Coucke, a senior drug chemist at the Tarrant County Medical Examiner's office, testified about the results of her tests on the rock substance and brown capsules. Coucke's educational background included a bachelor of science degree in biology and a master's degree in forensic science. She testified that she had previously worked as a drug chemist at the Dallas County Medical Examiner's office before her current employment.

Coucke analyzed the substances found in the matchboxes received from the Kennedale police department. She stated she weighed the "hard off-white" rock substance and found it weighed 1.20 grams. She performed a color test on "a little bit" of the rock substance by adding it to a liquid solvent to allow for a color change; the result was presumptively positive for cocaine. She then used a gas chromatograph mass spectrometer to further examine the substance; the process "breaks apart the molecules" of a small amount of the substance and then "reads the fragments." The spectrometer analysis revealed that the substance contained cocaine.

Coucke testified she took the thirty-two capsules from the matchbox, emptied the capsules (one of which contained only residue), and weighed the

3

substance in each one, individually; the aggregate weight was 4.06 grams. Coucke stated she performed "a couple of different" color tests on the brown substance, and it tested "presumptively positive for heroin." She then weighed a 1.08 gram sample of the 4.06 grams and used the spectrometer to determine that the sample contained heroin.

Additionally, Coucke said her analyses of both substances included adulterants and dilutants. Under cross-examination, Coucke confirmed that her lab performs qualitative analyses, rather than quantitative analyses, meaning she just identifies what the substance is. Coucke explained that quantitative analysis is when an examiner deciphers the amount of the substance in the total matrix. She testified that she had examined crack cocaine around 500 to 1,000 times in her duties and that she had previously testified as an expert witness in Tarrant County courts.

The jury returned a verdict of guilty for both possession counts and assessed a punishment of three years' confinement for the cocaine possession offense and five and one half years' confinement for the heroin possession offense.

### III. Appellant's first and second points

We will discuss Appellant's first two points together as they regard the sufficiency of the evidence supporting the possession of heroin conviction and

4

his third and fourth points together as they regard the evidence for the possession of cocaine conviction. Appellant's main argument in his first two points is that the scales used to weigh the substances and the spectrometer used to confirm the presence of heroin in the substances were not "certified" or tested and that the chemist did not test all of the material; thus the evidence is insufficient to establish Appellant's possession of the alleged heroin was in an amount of one gram or more but less than four grams.

### A. Legal sufficiency of evidence for heroin possession

#### 1. Standard of review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown*

5

*v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

### 2. Applicable law and analysis

The State is required to prove every element of an offense beyond a reasonable doubt. *See Juarez v. State*, 198 S.W.3d 790, 793 (Tex. Crim. App. 2006) (stating that elements of the offense must be charged in the indictment, submitted to jury, and proved by the State beyond reasonable doubt.) The substantive elements of Appellant's offense are that he (1) knowingly or intentionally (2) possessed (3) heroin and (4) the amount possessed was, by aggregate weight, including adulterants or dilutants, one gram or more but less

6

than four grams. *See* Tex. Health & Safety Code Ann. § 481.102(2), § 481.115(a), (c).

Appellant does not contest the sufficiency of evidence that he knowingly or intentionally possessed the substance. Rather, Appellant argues that because "there was no evidence that the scales were certified nor tested to be sure they were accurate," the evidence is insufficient to establish beyond a reasonable doubt that the substance weighed one gram or more but less than four. He also contends that there was no evidence that the spectrometer was certified or tested to be sure the results were accurate, so the evidence was insufficient to prove beyond a reasonable doubt that the substance was heroin.

The jury heard evidence from Coucke, whose qualifications and experience were not questioned. She weighed the substances and performed the tests at the Tarrant County Medical Examiners' office laboratory that is accredited by the Texas Department of Safety. Coucke explained her process for attaining the heroin test results from both the color tests and spectrometer and stated how the results from the presumptive tests and from the spectrometer were consistent. The jury also heard Coucke describe the process of weighing the brown substance from each capsule, determining the aggregate weight and then later weighing a sample of 1.08 grams of the substance, which was a sufficient weight to meet the requisite amount of one gram or more but

7

less than four grams as charged, before testing that sample with the spectrometer.

Appellant's complaints that there was no evidence of the scales and spectrometer having been certified or tested to determine their accuracy are complaints regarding what the State must prove for admissibility of the testimony for the weight and results of the tests and arguably should have been raised by objection to the admissibility of the results at trial. *See, e.g., Hewitt v. State*, 734 S.W.2d 745, 749 (Tex. App.—Fort Worth 1987, pet. ref'd) (holding complaint as to lack of predicate showing that equipment was certified waived where counsel for defendant failed to inquire about specific equipment used or to offer evidence from any other source that equipment was faulty or uncertified); *Moseley v. State*, 696 S.W.2d 934, 936 (Tex. App.—Dallas 1985, pet. ref'd) (holding waiver of right to object to improper predicate occurred by allowing earlier witness to testify without objection to the alcohol concentration); *cf., Hernandez v. State*, 819 S.W.2d 806, 817 (Tex. Crim. App. 1991) (holding the state was not required to prove use of properly compounded chemicals in atomic absorption kit test as predicate for admissibility)*, cert denied,* 504 U.S. 974, 112 S. Ct. 2944 (1992).

Assuming that these matters were required to be affirmatively shown by the State as a predicate for admissibility of the weights found and the results

8

of the spectrometer testing, we conclude that Appellant's complaints—in the absence of an objection—go only to the weight of the evidence and its credibility rather than the competency or admissibility of the evidence. *See, e.g., LaGrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App.) (holding most questions concerning care and custody of a substance go to the weight rather than the admissibility of the evidence), *cert. denied*, 522 U.S. 917, 118 S. Ct. 305 (1997); *Harrell v. State*, 725 S.W.2d 208, 213 (Tex. Crim. App. 1986); *Bird v. State,* 692 S.W.2d 65, 70 (Tex. Crim. App. 1985) (holding lack of predicate to show proper chain of custody for key, absent objection, went to weight of evidence rather than admissibility), *cert. denied*, 475 U.S. 1031, 106 S. Ct. 1238 (1986); *see also Hamilton v. State,* No. 06-07-00084-CR, 2008 WL 2744635, at *3 (Tex. App.—Texarkana July 16, 2008, pet. filed) (holding complaint as to insufficiency of evidence that amount of cocaine exceeded one gram actually challenged credibility of chemist's testimony, acceptance of which was within jury's prerogative).

The jury was entitled to draw inferences from the facts regarding the accuracy of the laboratory testing devices in determining the requisite amount of heroin possession. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The jury could reasonably have inferred that the scales and spectrometer were accurate and certified from the evidence that the

9

lab was accredited by the DPS and from Coucke's own experience and educational background, as well as from the differing weights found for each substance and the consistency with the presumptive tests. Viewing the evidence in the light most favorable to the verdict, we hold a rational jury could have concluded beyond a reasonable doubt that Appellant possessed the requisite amount of the controlled substance heroin. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. Therefore, we overrule Appellant's first point regarding the legal sufficiency of the evidence for possession of heroin.

### B. Factual sufficiency of evidence for heroin possession

Appellant argues that the evidence is factually insufficient and states "the record is absolutely void of any evidence that the scales and machine were certified nor tested to show that the results of the weights and substance were accurate." He also argues that Coucke's testimony regarding the quantity of the heroin measuring over four grams was insufficient to show he possessed over four grams.

### 1. Standard of review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*,

10

204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

### 2. Analysis

The jury heard ample and uncontradicted testimony from Coucke about her testing process and the accredited facility in which she performs the tests. The fact that she repeatedly weighed the brown capsules, first to determine aggregate weight and, second, to weigh a small portion for the spectrometer test, provided evidence supporting the conclusion that the stated amount of heroin was sufficient under the statute's requirements. *See Hamilton,* 2008 WL 2744635, at *3 (stating jurors "believed the chemist's testimony and accepted her calculations, which was their prerogative.")

Appellant also argues that the evidence supporting the substance quantity requirement is factually insufficient because there was an "implication that he possessed four grams instead of barely over one gram . . . and the evidence was factually insufficient to show he possessed over four grams."

11

The offense at issue requires that the Appellant possess between one and four grams of the controlled substance (heroin). *See* Texas Health & Safety Code § 481.102(2). Coucke stated that she tested 1.08 grams of the substance, an amount that comports with the statute's requirement for possession. *See id.* § 481.102(2). Conviction did not require legally or factually sufficient evidence of more than four grams because Appellant was not charged with possessing over four grams and because the jury was not instructed to determine if Appellant possessed over four grams; rather the charge described the offense as possession of "heroin of one gram or more but less than four grams as charged in Count Two of the indictment."[4]

Considering all of the evidence in a neutral light, we cannot say that the evidence is so weak that the jury's verdict seems clearly wrong or manifestly unjust. *Watson*, 204 S.W.3d at 414. And because there is no contrary evidence, we cannot say the verdict is against the great weight and

---

[4] Appellant also contends that the implication from the testimony that he possessed more than four grams "affected the jury in assessing punishment." Appellant did not object on this basis at trial, and he has not briefed this complaint nor explained why the jury was not properly entitled to consider that evidence in assessing his sentence. *See* Tex. Code Crim. Proc. Ann. art. § 37.07(3)(a)(1) (Vernon Supp. 2008) (stating evidence may be offered as to any matter the court deems relevant to sentencing, including circumstances of offense for which he is being tried as well as any other evidence of an extraneous offense or bad act shown beyond a reasonable doubt by evidence to have been committed by the defendant).

preponderance of the evidence. *Id.* at 414–15. We overrule Appellant's second point challenging the factual sufficiency of the evidence supporting the heroin conviction.

## IV. Appellant's third and fourth points

### A. Legal sufficiency of evidence of possession of cocaine

Appellant argues that the evidence is legally insufficient to support the possession of cocaine count for the same reason, because the scales and spectrometer used to measure the cocaine were not certified or proved to be functioning properly. He also argues that it is unclear whether both rocks of the white substance were weighed.[5]

#### 1. Applicable law

Under the relevant statutes, the State must prove beyond a reasonable doubt that Appellant (1) knowingly or intentionally (2) possessed (3) cocaine and (4) the amount possessed was, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a), (c).

---

[5] This latter argument again is resolved by the previously cited *Melton* decision, stating that each part of a homogenous substance does not have to be tested to provide proof of the controlled substance under the statute. *See Melton*, 120 S.W.3d at 342–44.

13

### 2. Analysis

As we have held above with respect to the possession of heroin count, the jury was entitled to draw inferences from the facts regarding the accuracy of the laboratory scales and spectrometer in determining the amount of cocaine possession. Coucke testified that she weighed the "hard off-white material," and it weighed 1.20 grams. She performed a color test on a small portion of the material, which tested presumptively positive for cocaine, and confirmed that the substance contained cocaine by the gas spectrometer. Additionally, the random, representative portion tested by the gas spectrometer was taken by Coucke from material weighing within the required range of one gram or more under the possession statute cited in Appellant's indictment, and both rocks were taken from the same receptacle, i.e, a single matchbox, so it is irrelevant whether Coucke tested both rocks. *See* § 481.115(a), (c); *Melton*, 120 S.W.3d at 345 (holding that State could randomly sample some rocks to determine whether they contained cocaine where all rocks were found in same receptacle and all had same color and texture); *Guia v. State*, 220 S.W.3d 197, 201–03 (Tex. App.—Dallas 2007, pet. ref'd).

Based on the previously-explained legal sufficiency standard of review, viewing the evidence in a light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that Appellant possessed the

14

requisite amount of cocaine under the statute. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789. We therefore overrule Appellant's third point.

**B.    Factual sufficiency of evidence of possession of cocaine**

Appellant argues in his fourth point that the record is unclear as to whether both rock-like substances of the alleged cocaine were tested and weighed. He argues that the evidence is too weak and thus factually insufficient to support the conviction for possession of cocaine of one gram or more but less than four grams.

**1.    Analysis**

The testimony from Officer Worthy was uncontradicted that he found both pieces of the rock-like substance in the same receptacle — i.e. — a cardboard matchbox in Appellant's left front pants pocket. His testimony was further uncontradicted that the appearance of the substances was consistent with rock cocaine. He packaged and processed the substances for further testing after conducting a preliminary field test of them for cocaine. The jury could have inferred that the preliminary test was presumptively positive for cocaine.

Coucke testified that she weighed the "hard off-white material," and it weighed 1.20 grams. She said a sample color tested presumptively positive for cocaine. The sample was also confirmed to contain cocaine by her testing with the spectrometer. While it is unclear whether she either weighed both rocks

15

together or whether she tested a sample of both rocks, her conclusion is clear and unquestioned that the sample was taken from an amount that weighed 1.20 grams, which is within the required range under the possession statute cited in Appellant's indictment.  All of the material was admitted into evidence, and the jury could make its own determination as to whether the rocks appeared to be the same in substance.  Thus, it is immaterial whether Coucke weighed or tested only one or both rocks.  *See* Tex. Health & Safety Code Ann. § 481.115(a), (c); *Melton,* 120 S.W.3d at 343–44; *Zone v. State,* 118 S.W.3d 776, 776 (Tex. Crim. App. 2003); *see also Guia*, 220 S.W.3d at 201–03.

It is unclear why the testimony elicited from the chemist by the State in this case was not more detailed.  Nevertheless, we will not substitute our judgment for that of the jury.  *See Laster v. State,* 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131, 120 S. Ct. 2008 (2000).  Reviewing all the evidence in a neutral light, we hold the evidence introduced to support the verdict is not so weak that the jury's verdict seems clearly wrong or manifestly unjust.  *See Watson,* 204 S.W.3d at 414.  We overrule Appellant's fourth point.

## V.     Conclusion

Having overruled all four of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL :  GARDNER, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 7, 2009